MULLINS LUMBER CO. v. WILLIAMSON & BROWN LAND & LUMBER CO.

(Circuit Court of Appeals, Fourth Circuit. October 16, 1917.)

No. 1533.

1. COURTS ⟂328(10)—FEDERAL COURTS—JURISDICTIONAL AMOUNT.

In determining whether an amount within the jurisdiction of the federal court is involved, plaintiff's claim as to the amount of damages fixes purposes of jurisdiction, the amount in controversy, though the complaint shows a defense might be made to a sufficient amount of the claim to reduce it below the jurisdictional amount, unless it appears as a matter of law from an inspection of the complaint that it is not possible for plaintiff to recover the jurisdictional amount, or from the evidence that the value of the property involved or damages claimed has been fraudulently magnified; and hence, where the complaint alleged the damages at a sum beyond $3,000, the jurisdictional amount fixed for the federal court, and it did not appear that it was impossible for plaintiff to recover that amount, and the evidence did not show that the damages had been fraudulently magnified, jurisdiction of the court cannot be questioned because the recovery was less than $3,000.

2. APPEAL AND ERROR ⟂185(2)—JURISDICTION FOR AMOUNT.

Where the contention that plaintiff in an action for damages had fraudulently magnified the damages so as to give the federal court jurisdiction was not raised in the district court, the contention that the district court was without jurisdiction cannot be sustained on error, unless the fraud affirmatively appears beyond doubt.

3. WATERS AND WATER COURSES ⟂98—BOUNDARIES—DESCRIPTION—STREAMS.

Where land was described as bounded by a creek and thence down the creek to a river, it will be presumed that the middle or run of the creek, and not the bank of a swamp between the run of the creek and the upland, was intended, but such presumption is not conclusive, and may be overcome by other expressions in the deed, by artificial marks in a survey accompanying the conveyance showing a different intention, or by immemorial usage to the contrary.

4. CUSTOMS AND USAGES ⟂12(1)—KNOWLEDGE OF PARTIES—CONSTRUCTION.

Where land was described as bounded by a creek, evidence of common usage in the locality that a swamp adjacent to the creek, and not the run of the creek, was intended, cannot affect the presumption to the contrary, unless the local usage is shown to have been known to the grantee, or so generally recognized that the grantee's knowledge can be inferred.

5. CUSTOMS AND USAGES ⟂19(2)—ACTIONS—EVIDENCE.

Land conveyed to plaintiff's predecessor in title was described as bounded by a creek and thence along the creek to a river. Defendant asserted

---

⟂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the grant did not extend to the run of the creek, but only to a swamp between the run and the upland. Defendant's question to a witness, whether in the neighborhood it was the custom of speaking of the creek to refer to the creek or to the edge of the swamp, was rejected. *Held,* that the exclusion of the question was error, for by it defendant might have shown a local usage that, by reference to the creek, the swamp was intended, and followed it by evidence that plaintiff's predecessor knew or was charged with knowledge of such usage.

6. VENDOR AND PURCHASER ☞229(2)—RECORDS—NOTICE.

A grantee of land is not charged with knowledge of a prior unrecorded deed by his grantor.

Dayton, District Judge, dissenting in part.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Florence; Henry A. Middleton Smith, Judge.

Action by the Williamson & Brown Land & Lumber Company against the Mullins Lumber Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

W. F. Stevenson, of Cheraw, S. C., and Hoyt McMillan, of Mullins, S. C., for plaintiff in error.

F. L. Willcox, of Florence, S. C. (Willcox & Willcox, of Florence, S. C., on the brief), for defendant in error.

Before PRITCHARD and WOODS, Circuit Judges, and DAYTON, District Judge.

WOODS, Circuit Judge. [1] In this action for damages for cutting timber the plaintiff, Williamson & Brown Land & Lumber Company, alleged and claimed $5,000 actual and punitive damages. The verdict was in favor of the plaintiff for $1,256. The defendant raises in this court for the first time the point that the court was without jurisdiction, because the evidence of the plaintiff showed that the value of the timber cut and used by the defendant did not amount to $3,000. It is true that the actual damages according to the testimony most favorable to the plaintiff were above $2,385; and the court instructed the jury that there was no such evidence of willfulness and wantonness as would support a verdict for punitive damages. But all this is not conclusive of a failure of jurisdiction. The rule is that the plaintiff's claim with respect to the value of the property taken or the amount of damages inflicted through the defendant's wrongful act measures for jurisdictional purposes the value of the matter in controversy, even though the complaint shows that a perfect defense might be made to sufficient amount of the claim to reduce it below the jurisdictional amount, unless it appears as a matter of law from inspection of the complaint that it is not possible for the plaintiff to recover the jurisdictional amount, or from the evidence at the trial that the value of the property involved or the damages claimed had been magnified fraudulently in the declaration so as to reach the jurisdictional amount. Smithers v. Smith, 204 U. S. 632, 27 Sup. Ct. 297, 51 L. Ed. 656.

[2] While the evidence in this case fell short of establishing the amount of damages claimed, an inspection of the complaint does not

show that recovery of the amount claimed was not possible, nor does it appear from the evidence that actual and punitive damages to the amount of $5,000 was not claimed in good faith. It would be a great hardship on the plaintiff for an appellate court to hold that, in order to reach the jurisdictional amount, he had fraudulently raised his claim, when the question had not been made in the District Court and he had had no opportunity to meet the charge on the trial. For an appellate court to take such action the fraud should affirmatively appear from the testimony beyond doubt. It follows that the cause cannot be dismissed on jurisdictional grounds.

[3-5] The cutting and appropriation by the defendant of timber from the land described in the complaint not being denied, the real issue. at the trial was whether the plaintiff had a title derived from Wilson Lewis, the common source, covering the land in dispute, superior to the defendant's junior title. The last link in the plaintiff's chain of title was a deed of October 28, 1907, from Cape Fear Lumber Company to the plaintiff, which was invalid because not attested by witnesses. On September 9, 1910, the grantor executed and attached to the original deed an instrument under its seal, by which it recited the defect in the original deed and undertook to re-execute it in these words:

"In consideration of the premises, Cape Fear Lumber Company has caused this indenture to be re-executed this day and year above written."

It seems too clear for discussion that this was a valid execution of the original document, in form a conveyance giving it effect at the date of the last execution. 13 Cyc. 553.

The defendant's junior title covered the land in dispute, and an important question of fact was whether this description in the deed from Wilson Lewis to S. W. Morrison, under which plaintiff claimed, embraced the land in dispute:

"All that certain tract of land situated on Little Pee Dee river in county and state aforesaid containing one thousand (1,000) acres, more or less. Bounded as follows: North on lands lately conveyed to A. C. Lewis & Wilson Elliott; east by a line running from the corner of Wilson Elliott's land across Cedar creek to mouth of Sand Hill branch and up said branch to where it emptied into Black creek and thence down said creek to Little Pee Dee river— said line dividing said tract from lands of the said Wilson Lewis; south on lands of Lewis Garald and west on Little Pee Dee river. The same being land deeded to me by Daniel Lewis S. H. D. and dated 15th day of April, 1867.
"For further description see plat made by H. T. Morrison, surveyor."

The surveyors who testified differed as to the true lines in the plat attached to the deed and in the location of the land conveyed by it.

On this description the plaintiff claimed to the run of Black creek. The defendant, on the other hand, in the effort to show that "down said creek to Little Pee Dee river" meant the edge of Black Creek swamp and not the run of the creek, asked the witness Dillon Elliott the question: "In that neighborhood what is the custom in speaking of Black creek? Do they refer to the run of Black creek or to the edge of the swamp?" The question was excluded. When a creek or other stream is called for as a boundary, the presumption is that the middle of the run, and not the bank or the swamp of the stream,

is intended. The presumption, however, is not conclusive. It may be overcome by other expressions of the deed or external facts, such as other natural boundaries and even artificial marks in the survey accompanying the conveyance showing a different intention, or by certain and immemorial usage contrary to the presumption. In Felder v. Bonnett, 2 McMul. (S. C.) 44, 37 Am. Dec. 545, Judge O'Neall thus states the court's view of the point:

"The only difficulty which could arise would be, whether the surveyor called for the swamp or the creek, or the creek itself, by the name of Dean swamp. If there were any artificial marks, which would lead us to conclude that the surveyor stopped at the margin of the swamp, then we would be at liberty to adopt it as the boundary; but, in their absence, what is meant by Dean swamp, must be decided by the known and established understanding in this state. The meaning may be ascertained, by appealing to the usage even of Orangeburgh, in this behalf. Besides Dean swamp, they have many others, such as Bull swamp, and Coccaw swamp. This name is appropriated to the run, and not to the swamp. In large streams, such as the Santee and Edisto, the swamp is spoken of as distinct from the river, but in creeks with a margin of swamp, the usage is universal in this state, to speak of the creek and swamp as one." St. Paul, etc., R. R. Co. v. Schurmeier, 7 Wall. (74 U. S.) 272, 19 L. Ed. 74; Hanlon v. Hobson, 24 Colo. 284, 51 Pac. 433, 42 L. R. A. 502, note page 504.

It is true that the evidence of common usage of the locality must be plain and clear to give a meaning to a word or expression different from its usual signification; and it is also true that even such clear and plain proof will not avail unless the local meaning is proved to have been known to the grantee or to have been so generally recognized that the grantee's knowledge of it may be inferred. Wigmore on Evidence, p. 3489. The defendant's beginning of proof on the subject would be evidence of the usage itself, to be followed with proof that the usage was within the knowledge, actual or presumed, of the grantee. We think, therefore, there was error in excluding testimony that the general local meaning given to Black creek was the edge of the swamp and not the center of the stream.

The charge on the subject of adverse possession is so clearly right that the assignments of error on that subject require no discussion.

[6] Before Wilson Lewis conveyed to Morrison, under whom plaintiff claims, he had in 1867 conveyed all his land on the east side of Black creek to his son, Allen Lewis, under whom defendant claims. The deed of 1867 to Allen Lewis was not recorded, and there was no evidence that Morrison, the subsequent grantee, knew it embraced all the lands on the east side of Black creek. It, therefore, seems obvious that the District Judge was right in charging the jury that Morrison, Wilson Lewis' subsequent grantee, was not bound by the deed to Allen Lewis, and was not charged with notice that he had already embraced in the deed to Allen Lewis all his land on the east side of Black creek.

Other assignments of error are not argued in the brief, and are without merit.

Reversed.

DAYTON, District Judge (dissenting in part). I concur in the conclusion reached in this opinion that the judgment of the court be-

low must be reversed for the reason set forth therein, but I go further and hold that it was the duty of the court below, and will be its duty, to dismiss the case for want of jurisdiction. I recognize fully the general rule that the plaintiff's claim as to the value of the property taken from him, or the amount of damages inflicted upon him, through the defendant's wrongful act, measures, for jurisdictional purposes, the matter in controversy; subject, however, to the limitation that such claim has not been fraudulently made or magnified, as clearly disclosed by the evidence, beyond the jurisdictional amount. It is very clear to my mind that the claim in this declaration was purely colorable and magnified beyond any reasonable hope or expectation of recovery. Upon trial before a jury the plaintiff did not attempt to offer evidence to the effect that the timber cut was of the value of the jurisdictional requirement. It was cut from land, the title to which was in dispute between the plaintiff and defendant, rendering any hope or expectancy of a recovery of punitive damages impossible, and this must have been known to plaintiff when he instituted the suit. The conclusion is therefore irresistible that such claim therefor was solely made to secure jurisdiction. To my mind it is the duty of federal courts to guard carefully these limitations upon their jurisdiction, else the statute's requirements will be practically annulled and made nugatory. This conclusion, I think, is fully sustained and enjoined by such cases as Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ct. 421, 27 L. Ed. 1080, Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540, 23 Sup. Ct. 754, 47 L. Ed. 1171, and Smithers v. Smith, 204 U. S. 632, 27 Sup. Ct. 297, 51 L. Ed. 656.