MULLINS LUMBER CO. v. WILLIAMSON & BROWN LAND & LUMBER CO.

(Circuit Court of Appeals, Fourth Circuit. December 6, 1918.)

No. 1660.

1. EVIDENCE ☞472(1)—OPINION EVIDENCE—INVASION OF PROVINCE OF JURY.
   Exclusion of a question to a witness *held* not error, where it called for his opinion on a material fact, which the jury were capable of determining from the evidence.

2. APPEAL AND ERROR ☞1033(3)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
   Exclusion of evidence is not ground for reversal, where it does not appear that it would have been favorable to plaintiff in error.

3. ADVERSE POSSESSION ☞23—NATURE AND REQUISITES—CUTTING OF TIMBER.
   The occasional cutting of timber on wild swamp land, not continuously occupied or used, is not sufficient to establish adverse possession.

4. COURTS ☞365—TRESPASS ☞52—CUTTING OF TIMBER—MEASURE OF DAMAGES—QUESTION FOR JURY.
   Under the law as established by decision in South Carolina, which governs in the federal court in an action to recover damages for the cutting of timber in that state, where the primary question involved is the title to the land, the jury may award as damages either the value of the timber at the time of the trespass and conversion, or the highest market value up to the time of trial, in their discretion.

5. APPEAL AND ERROR ☞1140(1)—CONDITIONAL AFFIRMANCE—REMISSION OF PART OF RECOVERY.
   Where a jury by its verdict has settled all issues in favor of plaintiff, but because of an erroneous instruction may have awarded excessive damages, an appellate court may properly permit the judgment to stand on remission by plaintiff of all above the lowest amount the evidence would warrant.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Florence; Henry A. M. Smith, Judge.

Action at law by the Williamson & Brown Land & Lumber Com-

pany against the Mullins Lumber Company. Judgment for plaintiff, and defendant brings error. Reversed, subject to condition.

W. F. Stevenson, of Cheraw, S. C., for plaintiff in error.

F. L. Willcox, of Florence, S. C. (Willcox & Willcox, of Florence, S. C., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. In this action to recover damages for cutting and removing timber, the main issue was the title to the land. Both parties claimed under Wilson Lewis. Plaintiff's chain of title is as follows:

Wilson Lewis to S. W. Morrison, 1,000 acres, more or less, July 27, 1893; Sessions, sheriff, to H. T. Morrison, under tax execution against S. W. Morrison, August 3, 1897; H. T. Morrison to Cape Fear Lumber Company, February 17, 1902; Cape Fear Lumber Company to plaintiff, September 9, 1910. To prove that defendant derived junior claim from the common source, plaintiff introduced conveyances as follows: Wilson Lewis to D. T. Lewis, September 5, 1895; D. T. Lewis to C. H. Strickland, May 20, 1910; C. H. Strickland to defendant, August 24, 1910.

At the first trial the chief subject of contest was whether the conveyance of Wilson Lewis to S. W. Morrison embraced the 110 acres in dispute. This court reversed the judgment in favor of the plaintiff for error in the instruction of the trial court on that issue. 246 Fed. 232.[1] On the second trial the jury again found for the plaintiff, and the case is here on assignments of error in the exclusion of testimony, and the instructions of the court as to adverse possession, and the measure of damages.

[1] The question whether the conveyance of Wilson Lewis to S. W. Morrison embraced the land in dispute depended to a great extent on the meaning of a plat made by H. T. Morrison at the time of the conveyance: if Morrison meant one line marked on the plat as the boundary, the disputed land was covered; if another line, it was not. Roberts, a surveyor, testified that he was familiar with Morrison's methods of marking his lines and illustrated it by referring to the lines on the plat in issue. He was then asked:

"On that map, without any further explanation, what would you say were the boundary lines?"

Objection to the question and answer was sustained. The witness could not know which of the doubtful lines Morrison meant as the boundary, except from what he had testified of Morrison's method of marking. With the information given by this witness and others, the jury was as well qualified to draw the correct inference on the point as the witness.

[2] We think, therefore, the trial judge exercised a wise discretion in excluding the question as tending to invade the province of the jury on one of the most material issues of fact. Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 469–476, 24 L. Ed. 256. But, even if the

[1] 158 C. C. A. 392.

question was improperly excluded, the error could not avail, because it does not appear that the answer would have been favorable to defendant.    Shauer v. Alterton, 151 U. S. 607–616, 14 Sup. Ct. 442, 38 L. Ed. 286.

The court was asked to direct a verdict for the defendant on the ground that the statute of South Carolina requires the sheriff to put the purchaser at a tax sale in possession, and the evidence was to the effect that H. T. Morrison had never been put in possession by the sheriff after his purchase.    The only evidence on the subject shows that at the time of his purchase H. T. Morrison was already in possession as agent of his wife, S. W. Morrison, the defaulting taxpayer. The law evidently does not contemplate that the purchaser should be ousted, and immediately restored to the possession.

[3] The land in dispute was wild swamp land, incapable of cultivation.    The testimony relied on to establish adverse possession proved no continuous use or acts of trespass, but only occasional cutting of timber.    This is not sufficient to establish the requisite continuity of possession.    Bailey v. Irby, 2 Nott & McC. (S. C.) 343, 10 Am. Dec. 609; Duren v. Sinclair, 22 S. C. 361–366; Love v. Turner, 78 S. C. 513–519, 59 S. E. 529.    It is therefore needless to consider the correctness of the charge on the subject of adverse possession, or the alleged error in the exclusion of evidence of Wilson Lewis as to the location of his line after his conveyance to S. W. Morrison.

[4] The District Judge instructed the jury that, if they found the title in the plaintiff, it was—

"entitled to recovery for the highest market value of the timber cut from the time of the cutting in 1915 until the date of this trial."

The cause arose out of a bona fide dispute as to the title to this land, and the defendant cut the timber in the belief that it had a right to do so.    As correctly held by the District Judge, there was no evidence of malicious or reckless invasion of another's property, and therefore no basis for punitive damages.    In such cases, where no state law is involved, the Supreme Court holds the measure of damages to be the value of the property at the time of the taking.    Woodenware Co. v. United States, 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; United States v. St. Anthony R. R. Co., 192 U. S. 524, 24 Sup. Ct. 333, 48 L. Ed. 548.    In this case, however, the land was in the state of South Carolina, and in a legal sense the primary question involved in the cause was the title to the land; the damages recoverable were incidental to and dependent on the title.    Ellenwood v. Marietta Chair Co., 158 U. S. 105, 15 Sup. Ct. 771, 39 L. Ed. 913.    Hence the cause was governed by the applicable decisions of the Supreme Court of South Carolina.    Jackson v. Chew, 12 Wheat. 153, 6 L. Ed. 583.    In that state the rule is that the jury may take as the measure of damages either the value at the time of the trespass and conversion or the highest market value up to the time of the trial, according to their views of the justice of the case.    Carter v. Du Pre, 18 S. C. 179; Gregg v. Bank of Columbia, 72 S. C. 458–464, 52 S. E. 195, 110 Am. St. Rep. 633; Davis v. Reynolds, 91 S. C. 439–442, 74 S. E. 827.    It was there-

fore error to charge that the plaintiff was entitled, as a matter of law, to the highest market value.

[5] But the utmost injury that could have resulted to the defendant from the erroneous instruction was the difference between $1,884, the amount of the verdict, and the amount the jury must have found had they taken the lowest estimate of the quantity and value of the timber. The lowest estimate of both quantity and value was that of the witnesses Smith and McCants. Computing by these lowest estimates the verdict could not have been less than $847.80.

Since all other issues were settled in favor of the plaintiff by the verdict of the jury under proper instructions, common sense requires that the plaintiff should have the option to accept this lowest possible verdict rather than put all the issues at large again in a new trial. Such a provision in the judgment does not deprive the defendant of the right of trial by jury. Arkansas Cattle Co. v. Mann, 130 U. S. 69–75, 9 Sup. Ct. 458, 32 L. Ed. 854; Chesbrough v. Woodworth, 221 Fed. 912, 137 C. C. A. 482; Id., 244 U. S. 72, 37 Sup. Ct. 579, 61 L. Ed. 1000; Citizens T. & G. Co. v. Globe & Rutgers Fire Ins. Co., 229 Fed. 326, 143 C. C. A. 446, Ann. Cas. 1917C, 416.

It is therefore the judgment of this court that the judgment of the District Court be reversed, and the cause remanded for a new trial, unless the plaintiff shall within 60 days pay all the costs of this court, and shall remit in writing on the judgment in the District Court $1,036.20; that if the plaintiff shall pay the costs of this court, and remit the sum of $1,036.20 within 60 days, the judgment of the District Court stand as affirmed.

Reversed nisi.