## KAHN v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
July 2, 1927.

No. 4876.

1. Criminal law ⟨⟩1178—Only assignments of error raised and discussed in brief will be considered (Circuit Court of Appeals rule 20).

Under Circuit Court of Appeals rule 20, only assignments of error raised and discussed in brief will be considered.

2. Bankruptcy ⟨⟩496—Evidence of materiality of alleged false statements on examination before referee in bankruptcy held sufficient to go to jury (Bankruptcy Act, § 7, cl. 9, and § 21a [Comp. St. §§ 9591, 9605]).

In prosecution for perjury in false swearing during examination before referee, under Bankruptcy Act, § 7, cl. 9, and section 21a (Comp. St. §§ 9591, 9605), evidence of materiality of alleged false statements concerning orders for tires to be shipped to certain stores and charged to clothes shop held sufficient to go to jury.

**3. Perjury ⊘⇒31—Government has burden of proving beyond reasonable doubt falsity of testimony on which indictment is predicated.**

In prosecution for perjury, government has burden of establishing falsity of testimony on which indictment is predicated beyond reasonable doubt.

**4. Bankruptcy ⊘⇒495—In prosecution for perjury, based on false testimony before referee in bankruptcy concerning tire orders, articles of incorporation of tire shops, having attached verified statement of defendant of tires in stock, were admissible.**

In prosecution for perjury, based on alleged false testimony before referee in bankruptcy that tires were not ordered shipped to certain tire stores and charged to clothes company, where government offered order for tires, dated February 7, 1925, as exhibit, *held*, articles of incorporation of tire stores, having attached a statement, verified by defendant's oath on May 6, 1925, to effect that stores before incorporation had certain tires in stock was admissible on issue whether testimony before referee was knowingly false.

**5. Criminal law ⊘⇒1169(1)—In perjury prosecution, based on false testimony before referee, refusal to permit showing of prejudice of counsel conducting examination before referee, if error, held not prejudicial.**

In prosecution for perjury, based on false testimony before referee in bankruptcy, error, if any, in court's refusal to allow defendant to inquire into motive of counsel conducting examination before referee, for purpose of showing prejudice of counsel toward defendant, *held* not prejudicial, where counsel's testimony as to evidence given by defendant before referee was fully corroborated.

**6. Criminal law ⊘⇒1120(6)—Refusal to permit inquiry held not to disclose error; result, if permitted, not being shown.**

In prosecution for perjury, court's refusal to permit inquiry into motive of counsel conducting examination during which alleged false testimony was given *held* not to disclose error, where record contained nothing to indicate result of inquiry, if permitted.

**7. Criminal law ⊘⇒787(1)—Court should not instruct concerning defendant's failure to testify, unless so requested.**

The better rule requires that a judge say nothing about defendant's failure to testify, unless requested to do so.

**8. Criminal law ⊘⇒1172(2)—Whether instruction affecting defendant's failure to testify was prejudicial depends on instruction and surrounding circumstances.**

Whether court's instruction on defendant's failure to testify, given without request, is prejudicial, depends on instruction itself and circumstances under which it was made.

**9. Criminal law ⊘⇒1172(2)—In perjury prosecution, unrequested instruction on defendant's failure to testify held not prejudicial.**

In prosecution for perjury, unrequested instruction as to effect of defendant's failure to testify, *obviously* calculated to protect defendant, *held* not prejudicial.

In Error to the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

Sol. H. Kahn was convicted of perjury, and he brings error. Affirmed.

Edward G. De Gree and John McNeil Burns, both of Detroit, Mich., for plaintiff in error.

Edw. J. Bowman, of Grand Rapids, Mich. (L. H. Grettenberger, of Grand Rapids, Mich., on the brief), for the United States.

Before DENISON, and MOORMAN, Circuit Judges, and HICKS, District Judge.

HICKS, District Judge. Kahn was convicted of perjury, and prosecutes this writ of error.

[1] There are nine assignments of error, but we confine our consideration of the case in this opinion to only those four raised and discussed in the brief. Rule 20 of this court; I. T. S. Rubber Co. v. Essex Rubber Co., 272 U. S. 429, 47 S. Ct. 136, 71 L. Ed. —, decided Nov. 22, 1926, and Eastman Kodak Co. of New York v. Southern Photo Materials Co., 47 S. Ct. 400, 71 L. Ed. —, decided Feb. 21, 1927, both opinions by Mr. Justice Sanford.

[2] First. It is insisted that there is no evidence showing the materiality of the alleged false testimony. This testimony is set out in the indictment, and is substantiated by the proof, as follows:

"Q. Did you order any tires from the Cupples Company that were shipped to the Rhino Tire Stores and charged up to the Right Clothes Shop? A. No, sir.

"Q. Never did? A. No, sir; they were written for and canceled.

"Q. Order, do you mean, canceled? A. Everything that went into the Rhino Tire Stores. There was no occasion to get any order in there at all. Originally I wrote that, and afterwards discontinued, because we had enough stock.

"Q. Is that a letter you wrote to the Cupples Company? A. I don't think I ever mailed this, because we received nothing from them billed to the Right Clothes Shop.

"Q. Did you write that letter? A. I wrote this letter, but never sent it, because we did not need merchandise.

"Q. It was not sent; what did you do with it? A. I don't know what I did with it; however, we didn't get any merchandise from Cupples Company charged to Right Clothes Shop."

The evidence indicates that Kahn was a bankrupt, and at the instance of his trustee

he was ordered to appear before the referee for examination by authority of section 7, cl. 9, and section 21a of the Bankruptcy Act (Comp. St. §§ 9591, 9605), and he gave his testimony upon that examination. He had been operating these two stores under these two names. One with its merchandise he had sold; the stock of the other constituted the bankrupt estate. To trace the property, the unpaid price of which was a bankruptcy debt, it is obvious that this testimony was relevant and material to the matter in respect to which the examination was authorized by the above-mentioned sections of the Bankruptcy Act, and in respect to which the oath was administered to Kahn as a witness, to wit: "You solemnly swear that the evidence that you shall give in this matter now here pending * * * in bankruptcy shall be the truth, the whole truth and nothing but the truth. * * * *" There was therefore sufficient evidence touching the materiality of the alleged false testimony to justify the court in declining to direct a verdict.

[3, 4] Second. The point is made that the introduction in evidence of the articles of incorporation of the Rhino Tire Stores was inadmissible and prejudicial. The burden was upon the defendant in error to establish beyond a reasonable doubt that the testimony upon which the indictment was predicated was false. The effect of Kahn's testimony is that he did order tires from the Cupples Company to be shipped to the Rhino Tire Stores, but that he had canceled the order or had not mailed the letter (Government's Exhibit D) because the tires were not needed. This Exhibit D was dated February 7, 1925, but the articles of incorporation of the Rhino Tire Stores set forth that this store before its incorporation had in stock 250 new Cupples tires and 250 Cupples tubes, and this statement is verified by the oath of plaintiff in error of May 6, 1925, attached to the articles of incorporation. The articles of incorporation were therefore clearly relevant upon the insistence of defendant in error that Kahn knew that his testimony before the referee was false.

[5, 6] Third. Error is predicated upon the court's refusal to allow plaintiff in error to inquire into the motive of counsel conducting the examination of Kahn before the referee, and in declining to allow plaintiff in error to introduce testimony tending to show the relationship of counsel to persons interested in the prosecution of plaintiff in error and in declining to allow testimony tending to show prejudice or bias of counsel toward plaintiff in error. Such testimony could have been relevant only to the credibility of counsel as a witness, but his testimony had touched only upon what the evidence given by plaintiff in error before the referee had been, and not upon the falsity of it, and as he was fully corroborated by the testimony of Hoogerhyde, the stenographer reporting the examination, the error, if any, was immaterial. But all this is foreclosed. There is nothing in the record to indicate the result of such inquiry, if permitted, or the nature of such testimony, if allowed. Such proposed testimony should have been preserved, to the end that we might judge as to its relevancy. Anderson Lbr. Corp. v. Lehto (C. C. A. 4) 282 F. 485, 488, and cases cited; Mullins Lbr. Co. v. Williamson & Brown L. & L. Co. (C. C. A. 4) 255 F. 645, 647.

[7-9] Fourth. It is assigned as error that, although not requested so to do by plaintiff in error, the court referred in his charge to the respondent's failure to testify. While it is perhaps the better rule for a judge to say nothing upon the point unless requested, yet the determination of whether such reference is prejudicial must depend upon the statement itself and the circumstances under which made. Here the trial judge said:

"I also instruct you that under the law a defendant in a criminal case is not required to testify in his own behalf. He may do so or not, as he chooses. The failure of the defendant to take the witness stand in his own behalf must not be considered by you in any way as an element against such defendant, nor be permitted by you in your deliberations to militate against him. This is a sacred right, given him by the Constitution of this country, and it would be improper for you to comment upon it or to regard it for any purpose in arriving at a verdict. There is no burden resting upon a defendant to establish his innocence."

This was evidently meant for plaintiff in error's protection. It occurs to us that the purpose of it was to forestall any prejudicial tendency in the minds of the jury against plaintiff in error. Hanish v. United States (C. C. A.) 227 F. 586.

Upon the whole, we find no harmful error in the record, and the case is therefore affirmed.