## SMITHERS *v.* SMITH.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF TEXAS.

No. 138. Submitted December 21, 1906.—Decided February 25, 1907.

When the Circuit Court dismisses a case under the provisions of § 1 of the act of March 3, 1875, 18 Stat. 470, as amended by § 1 of the act of August 13, 1888, 25 Stat. 434, because not substantially involving the requisite amount in controversy to confer jurisdiction, the order of the court, in this case without a jury, is subject to review in this court in respect to the rulings of law and findings of fact upon the evidence.

Whatever plaintiff's motive in bringing his suit in the Federal court rather than in the state court may be he has the right to act upon it.

Where a plaintiff in good faith asserts a claim against several defendants that acting together they have taken land from him of over $2,000 in value and inflicted upon him damages of over $2,000, and requisite diverse citizenship exists, the Circuit Court has jurisdiction and the case does not fall within the dismissal provision of § 1 of the act of March 3, 1875, because it appears to the trial judge that each of the defendants claims that the part of plaintiffs' land which he has taken and the damages recoverable against him would amount in value to less than $2,000. A determination by the judge that the defendants did not act jointly is not a determination of a jurisdictional fact but of an essential element of the merits.

The plaintiff in error, a citizen of New York, brought in the Circuit Court for the Northern District of Texas, a petition to try the title to 1,280 acres of land, against ten defendants, citizens either of Texas, Kentucky or Illinois. Six of the defendants were warrantors of the plaintiff's title, and questions arising as to them are not material here. The petition alleged that upon January 15, 1902, "the defendants Reagan, Smith, Greer and Deven unlawfully entered upon said premises and dispossessed plaintiff thereof, and have since that date unlawfully withheld from the plaintiff the possession thereof, to his damage $2,000.00;" that the plaintiff's title was derived by mesne conveyances from two patents of adjoining lots of land, known respectively as survey 27 and survey 91; that prior to plaintiff's acquisition of title the two surveys were circumscribed by a fence two miles long and one mile wide, making a single tract of land of those dimensions; that the value of the land was $5,000, and that the defendants have destroyed fences and other improvements and thereby damaged the plaintiff in the sum of $2,000; and prayed possession of the land, and damages.

The answer of Reagan alleged that he was the owner of part of the land described in the petition by a title separate and independent from the other defendants; that his land is enclosed by a fence and in his possession; that he disclaims title to the remainder of the land claimed; that the allegation in the petition that he entered upon any other than his own land was untrue, "and made with the intent to confer

upon this court jurisdiction over him;" that the value of the land which he entered, is in possession of and claims, is less than $800, and asked that the suit abate as to him.

Treating the foregoing answer as a plea in abatement, Reagan, without waiving it, further answered, disclaiming as to part of the land claimed in the petition and pleading the general issue as to the remainder.

The answer of Greer was substantially the same, except that the value of the land upon which he entered and was possessed of was alleged to be less than $600. Greer further answered, alleging the pendency in the courts of the State of an action "to try title to recover of S. A. Greer, a defendant in the case at bar, one T. Smith and others, the title and possession of the land described in the petition in the case at bar," and praying that the cause await the determination of the cause in the state court. The answer of Smith contained the same allegations with regard to the pendency of the action in the state court as that of Greer, disclaimed as to part of the land described in the petition and pleaded the general issue as to the remainder. Deven filed no answer.

More than a year after the last of the foregoing pleadings were filed the plaintiff filed what was entitled "First amended original petition." In it Lee, also a resident of Texas, was named as an additional defendant. The amendment seems to be substantially like the original petition, except that it alleged that "the defendants Reagan, Smith, Greer, Lee and Deven together unlawfully entered upon said premises and dispossessed plaintiff thereof," and that "all of said defendants have jointly taken possession of plaintiff's said land;" that the plaintiff has acquired title to land by the statute of limitations, and that the action is one to fix and determine the boundaries, which are uncertain, and that "the entire land is the subject matter of this controversy as between the plaintiff and each and all of said defendants."

Subsequently Lee answered, alleging that he was the owner of part of the land described in plaintiff's petition by a title

separate and independent from that of the other defendants, and with respect to that he pleads the general issue, and disclaims as to the remainder. The answer also alleged that the matter in controversy did not exceed the sum of $2,000, and that "the claim of plaintiff as set forth in his petition as to the value of said land, improvements, rents and damages, exceeding $2,000, has been fraudulently alleged with the intent and purpose to confer jurisdiction upon this honorable court, when in truth and in fact no such jurisdiction existed, because the matter in controversy is of less than $2,000 in value."

Subsequently Smith amended his answer and alleged that he was the owner and in possession of 443 acres of the land described in plaintiff's petition, which was of the value of $1,500, and disclaimed as to the remainder. He also alleged that the valuation placed by the plaintiff on the land, and the plaintiff's allegation that "he and S. A. Greer jointly took possession of said lands," was "fraudulently claimed and alleged for the intent and purpose of conferring jurisdiction upon this honorable court, when in truth and in fact no such jurisdiction existed, because the whole matter in controversy is and was of less value than $2,000." He further alleged that the controversy had been adjudicated in the state court. The pleas to the jurisdiction were, on motion of the defendants, tried by the judge, jury being waived, who found that "the pleas of each of the said defendants Reagan, Lee, Smith and Greer is fully proved and sustained, and that this court has no jurisdiction over the subject matter in dispute," and dismissed the action for want of jurisdiction. A writ of error was allowed "solely upon the question of jurisdiction," the judge certifying that no other question was tried, transmitted the record containing a bill of exceptions to this court.

The bill of exceptions shows that it was agreed that the plaintiff owned the two surveys, 91 and 27, containing 1,280 acres, of a value much exceeding $2,000; that Lee owned section 32, Reagan section 31, Smith section 28, and Greer

section 90, all of which were adjoining sections and surrounded three sides of the plaintiff's land. The dispute concerned the situation of the boundaries. As the defendants claimed the boundaries, they owned 1,014 acres of what the plaintiff claimed to be his land, which when he acquired it was enclosed by a fence in one parcel of 1,280 acres. Of the 1,014 acres taken from the land claimed by plaintiff, Lee claimed 96, Reagan 288, Smith 443 and Greer 187. The evidence which is reported in full in the bill of exceptions shows the following facts: In 1892, before any of the defendants appeared claiming title, the 1,280 acres claimed by the plaintiff were enclosed as one parcel by a substantial fence, and were known as the Pendleton pasture. Subsequently the plaintiff acquired title to the enclosed land. Smith pulled down part and Reagan another part of the Pendleton pasture fence, and Smith and Greer each pastured their cattle throughout the Pendleton pasture.

*Mr. David T. Bomar* and *Mr. Frank E. Dycus,* for plaintiff in error, submitted:·

A joint trespass by the defendants upon the enclosed lands of the plaintiff authorized an action by the plaintiff to join all of the defendants in one suit. *Greer* v. *Mezes*, 24 How. 268, 663; *L. & N. Ry. Co.* v. *Smith* (C. C. A.), 128 Fed. Rep. 5; *McGuire* v. *Pensacola City*, 105 Fed. Rep. 679; 1 Pom. Eq. Jur., §§ 145, 273.

The right to fix and establish the boundaries of the entire 1,280 acres being the object of the suit, as to each and all of the defendants, the value of the entire tract is the matter in dispute. *L. & N. Ry. Co.* v. *Smith*, 128 Fed. Rep. 5; *Munsey* v. *Matfield* (Tex.), 40 S. W. Rep. 346.

A disclaimer by the defendants, or either of them, does not take away the jurisdiction of the court, which is fixed by the claim of the demandant.

Where the Circuit Court dismisses a case for lack of jurisdictional value, the evidence on which that conclusion is

reached must be shown of record to a legal certainty. The lack of jurisdiction must clearly appear. *Barry* v. *Edmunds*, 116 U. S. 553; *Wetmore* v. *Reimer*, 169 U. S. 115; *Waterworks* v. *Ryan*, 181 U. S. 409; *Gage* v. *Pumpelly*, 103 U. S. 164.

The Supreme Court will look into the facts, review the evidence and determine whether it supports the action of the Circuit Court in dismissing the case for lack of jurisdiction. *Wetmore* v. *Reimer*, 169 U. S. 115; *Steglider* v. *McGusten*, 198 U. S. 140.

The jurisdiction of the Circuit Court is fixed by the matter in dispute at the date of the decree rendered in that court. *Knapp* v. *Banks*, 2 How. 74, 184; *Keller* v. *Ashford*, 133 U. S. 670; *Mass. Benefit Ass'n* v. *Miles*, 137 U. S. 689, 835.

It is sufficient to give jurisdiction to the court, that it had jurisdiction at the time the decree was rendered, and it is immaterial how long before that time its jurisdiction had attached. *Washer* v. *Bullitt Co.*, 110 U. S. 558; *Pacific Ry. Co.* v. *Ketcham*, 101 U. S. 289; *First Nat'l Bank* v. *Bedford Tr. Co.*, 80 Fed. Rep. 572.

In the action of trespass to try title in Texas, the plaintiff may, by amendment, set up a new cause of action or a new title acquired by him after the suit was brought. The cause thereupon proceeds as a new suit based on such amendment. *Collins* v. *Ballew*, 72 Texas, 330; *Ballard* v. *Carmichael*, 83 Texas, 359; *Sinsheimer* v. *Kahn*, 24 S. W. Rep. 535; *Schmidt* v. *Huff*, 28 S. W. Rep. 1055.

The disclaimer by the defendants of lands found in their possession did not take away the jurisdiction of the court, provided said lands exceeded in value, with the damages and rents, the sum of $2,000. *Green* v. *Liter*, 8 Cranch, 229; *Galbreath* v. *Howard*, 32 S. W. Rep. 808; *Wooters* v. *Hall*, 67 Texas, 513; *Dykes* v. *Miller*, 24 Texas, 422; *Capt.* v. *Stubbs*, 68 Texas, 225; *Tate* v. *Wyatt*, 77 Texas, 412.

The jurisdiction of the court as between plaintiff and Smith and Greer is not to be determined by the value of the right of the present possession but by the value of the entire 720

acres of the land in controversy now in Smith's possession. *Black v. Jackson,* 177 U. S. 335.

*Mr. Theodore Mack, Mr. Sam. J. Hunter* and *Mr. Ray Hunter,* for defendants in error, submitted:

The presumption is that a cause is without the jurisdiction of the Circuit Court unless the contrary affirmatively appears. *Grace* v. *Ins. Co.,* 109 U. S. 278; *People* v. *Fordyce,* 119 U. S. 469; *Turner* v. *Bank,* 4 Dallas, 8; *Livingston* v. *Van Ingen,* 1 Paine, 45; Federal Cases No. 8420; *Nashville & St. L. Ry.* v. *Taylor,* 86 Fed. Rep. 168.

Distinct demands cannot be united in one suit by a plaintiff against several defendants in order to give the court jurisdiction. 1 Desty, 374; *Walter v. Northeastern Ry.,* 147 U. S. 370; *Fishback* v. *Western Union,* 161 U. S. 96; *Bank* v. *Cannon,* 164 U. S. 319; *Busy* v. *Smith,* 67 Fed. Rep. 13.

If several persons have a common undivided interest, although separable as between themselves, the amount of their joint interest is the test of the jurisdiction. But this is not true where the claims are in their nature separate. *Holt* v. *Bergevin,* 60 Fed. Rep. 1; *Walter* v. *Northeastern Ry. Co.,* 147 U. S. 370; *Putney* v. *Whitmire,* 66 Fed. Rep. 385.

Where shareholders are individually liable for the debts of a corporation, the claims of creditors against shareholders are several and cannot be joined to make up the required amount. 1 Desty, 375; *Auer* v. *Lombard,* 33 U. S. App. 438; *S. C.,* 72 Fed. Rep. 209.

In an action by the taxpayers to restrain the issue of municipal bonds, the amount of taxes which plaintiff would have to pay, and not the entire issue, would be the test of jurisdictional amount. 1 Desty, 375; *Colvin* v. *Jacksonville,* 158 U. S. 456.

An allegation of the amount of taxes to be collected in different counties cannot be made for the purpose of obtaining the jurisdictional amount of $2,000.00. 1 Desty, 376; *Fishback* v. *Western Union,* 161 U. S. 96; *Bank* v. *Cannon,* 164 U. S. 319.

When one sues for an amount which exceeds $2,000, but at the trial his own evidence shows that he actually claims less than $2,000, the court is without jurisdiction. 1 Desty, 377; *Cabot* v. *McMaster,* 61 Fed. Rep. 129; *United States* v. *Poe,* 61 Fed. Rep. 475; *Horst* v. *Merkely,* 59 Fed. Rep. 502; *Holden* v. *Utah,* 82. Fed. Rep. 209.

The court does not acquire jurisdiction where the amount claimed is not claimed in good faith. *Bank* v. *Bradley,* 36 U. S. App. 519; *S. C.,* 72 Fed. Rep. 67; *Am. Wringer Co.* v. *Ionia,* 76 Fed. Rep. 6.

All doubts as to jurisdiction must be resolved against the court's jurisdiction. *Railway Co.* v. *State Board of Assessors,* 132 Fed. Rep. 629; *McDaniel* v. *Taylor,* 123 Fed. Rep. 338.

When defendant claims part of the premises only, the answer shall be equivalent to a disclaimer of the balance. Tex. Rev. Stat. 5269.

Upon defendants filing disclaimer the court may render judgment for the land disclaimed. *Burk* v. *Mangham,* 37 S. W. Rep. 459.

Matter in dispute is something upon which the court must hear evidence. 18 U. S. Stat. 472, part 3; *Stilwell* v. *Williamston,* 80 Fed. Rep. 69; *Bouman* v. *Ry. Co.,* 115 U. S. 611; *Cabot* v. *McMaster,* 61 Fed. Rep. 129.

As to disclaimer leaving court without jurisdiction, see *Cooper* v. *Preston,* 105 Fed. Rep. 403; *Stemmler* v. *McNeal,* 102 Fed. Rep. 660; *Herring* v. *Swayne,* 84 Texas, 525; *Wooters* v. *Hall,* 67 Texas, 515.

MR. JUSTICE MOODY, after making the foregoing statement, delivered the opinion of the court.

The plaintiff in error brought an action in the Circuit Court for the recovery of certain land and damages for the detention thereof, basing jurisdiction upon a diversity of citizenship, which was undisputed. In such case it is essential to the jurisdiction of the Circuit Court that "the matter in dispute exceeds, exclusive of interest and costs, the sum or value of

two thousand dollars." Act of March 3, 1875; c. 137, § 1,
18 Stat. 470. Amended act of August 13, 1888; c. 866, § 1,
25 Stat. 434. The action was dismissed by the authority
given by section 5 of the act of March 3, 1875, in which it is
provided that "if in any suit commenced in a Circuit Court
. . . . it shall appear to the said Circuit Court, at any time
after such suit has been brought . . . that such suit
does not really and substantially involve a dispute or con-
troversy properly within the jurisdiction of said Circuit Court,
or that the parties to such suit have been improperly or col-
lusively· made or joined either as plaintiffs or defendants for
the purpose of creating a case cognizable . . . under this
act," the court shall dismiss the suit. The propriety of the dis-
missal is brought here for review by virtue of section 5 of the
act of March 3, 1891, and is the only question for decision.

The plaintiff was the owner in fee simple of a quadrangular
lot of land two miles long and one mile wide, containing 1,280
acres, enclosed by a fence, and known as the Pendleton pasture.
Its value largely exceeded two thousand dollars. He sought
to recover possession of this land and damages from the de-
fendants Reagan, Smith, Greer, Deven and Lee, who, as he
claimed, had disseized him of the land, and were unlawfully
holding possession. In ascertaining the precise nature of
the plaintiff's claim we take into account not only the original
petition, but that pleading entitled "First amended original
petition," although it is urged that it does not appear that
the amendment was allowed by the court. It is not clear
that the amendment adds anything, material to the question
presented here, to the original petition, but, however that
may be, as it is certified to be a part of the record and was
answered by one of the defendants, we assume that it was
properly allowed, and was not a mere casual intruder among
the papers in the case. The plaintiff alleged in substance
in the original and more specifically in the amended petition
that the defendants had jointly entered upon, taken and held
possession of his land, which was of the value of $5,000, and

inflicted damages of $2,000 upon him by the unlawful entry and possession, and sought to recover of all the defendants the whole parcel of land and all the damages claimed. Thus the plaintiff set forth a case within the jurisdiction of the court. Giving to the defendants' answers the broadest possible effect, they each, for the purpose of disputing the jurisdiction of the court, denied that they had jointly entered upon plaintiff's land, and, each disclaiming as to the remainder, alleged that, under a title separate and independent from the other defendants, he had entered upon and held possession of only a certain part of the plaintiff's land, which together with the damages inflicted by the entry and possession was of much less value than $2,000. The answers further alleged that the allegations of the value of the land, the extent of the damages and the joint action of the defendants in entering, taking and holding possession were fraudulently made by the plaintiff with the intent and purpose of conferring jurisdiction upon the court, when in truth no such jurisdiction existed, because the matter in controversy was in reality less than the value of $2,000. Upon the motion of the defendants the judge, without a jury, passed upon the question of jurisdiction, and, after hearing evidence, found that the pleas of the defendants as to the jurisdiction were "fully proved and sustained," and that the court has no jurisdiction over the subject matter in dispute, and dismissed the suit.

The order of the court is subject to review in this court in respect of the rulings of law and findings of fact upon the evidence. *Wetmore* v. *Rymer*, 169 U. S. 115.

The absence of any opinion in the court below, and of any finding of fact except by reference to the several answers of the defendants, which are said to be "fully proved and sustained," and of any more specific recital in the judgment than that the suit was dismissed for want of jurisdiction, renders it somewhat difficult to understand the facts and reasons which led to the dismissal. But upon an examination of the whole record it seems clear that the court found:

(1) That the defendants did not jointly take and hold the plaintiff's land;

(2) That each defendant, acting independently of the others, took and held only a part of plaintiff's land, and that each part thus taken and held by each defendant was of less value than $2,000; and

(3) That the plaintiff in his petition had fraudulently stated the value of his land, the extent of his damages and the joint character of defendant's action in entering and taking possession of his land, and had done this for the purpose of conferring jurisdiction upon the court.

If the last finding of fact was warranted by the evidence there is no need of going further, because such a state of facts would demand a dismissal of the action. Ordinarily the plaintiff's claim with respect to the value of the property taken from him or the amount of damages incurred by him through the defendants' wrongful act measures for jurisdictional purposes the value of the matter in controversy, *Smith* v. *Greenhow,* 109 U. S. 669; *Barry* v. *Edmunds,* 116 U. S. 550; *Scott* v. *Donald,* 165 U. S. 58; *Wiley* v. *Sinkler,* 179 U. S. 58; unless, upon inspection of the plaintiff's declaration, it appears that, as a matter of law, it is not possible for the plaintiff to recover the jurisdictional amount. *Lee* v. *Watson,* 1 Wall. 337; *Schacker* v. *Hartford Fire Ins. Co.,* 93 U. S. 241; *Vance* v. *Vandercook Company,* 170 U. S. 468; *North American Company* v. *Morrison,* 178 U. S. 262. The rule that the plaintiff's allegations of value govern in determining the jurisdiction, except where upon the face of his own pleadings it is not legally possible for him to recover the jurisdictional amount, controls even where the declarations show that a perfect defense might be interposed to a sufficient amount of the claim to reduce it below the jurisdictional amount. *Schunk* v. *Moline Co.,* 147 U. S. 500. In the last case the plaintiff's petition prayed judgment on several promissory notes, of which some, amounting to $530, were due, and others, amounting to $1,664, were not due, the jurisdictional amount then,

as now, being $2,000. In holding that the court had jurisdiction of the claim this court, by Mr. Justice Brewer, said:

"Although there might be a perfect defense to the suit for at least the amount not yet due, yet the fact of a defense, and a good defense, too, would not affect the question as to what was the amount in dispute. Suppose an action were brought on a non-negotiable note for $2,500, the consideration for which was fully stated in the petition, and which was a sale of lottery tickets, or any other matter distinctly prohibited by statute, can there be a doubt that the Circuit Court would have jurisdiction? There would be presented a claim to recover the $2,500; and whether that claim was sustainable or not, that would be the real sum in dispute. In short, the fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by the defendant, or, if presented, sustained by the court."

Nevertheless, however stringent and far reaching the rule may be that it is the plaintiff's statement of his case which governs in determining the jurisdiction, it does not exclude the power of the court to protect itself against fraud. This was pointed out in *Smith* v. *Greenhow*, 109 U. S. 669, where it was said that, if the court found as a fact that the damages were laid in the declaration colorably and beyond a reasonable expectation of recovery for the purpose of creating jurisdiction, there would be authority for dismissing the case, and, following this statement of the law, it was held that where the judge of the Circuit Court, upon sufficient evidence, found that the damages had been claimed and magnified fraudulently beyond the jurisdictional amount, the action should be dismissed. *Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U. S. 540. It follows, therefore, as has been said, that if the third finding of the judge in the court below was warranted, his action in dismissing the case should be affirmed. But after an examination of the evidence we are of the opinion

that nothing in it warranted any such finding. It appeared clearly that the Pendleton pasture, which the plaintiff sought to recover against all the defendants, was of a value much in excess of the jurisdictional amount. There was not a word of evidence reflecting upon the plaintiff's good faith in bringing the action, in joining the defendants, or in framing his petition. He doubtless preferred to try his controversy in the Federal courts, and whatever the motive of his preference may have been, he had the right to act upon it. *Blair* v. *Chicago,* 201 U. S. 400; *Chicago* v. *Mills,* decided February 4, this term, *ante,* p. 321. Therefore the validity of the order of dismissal must be considered, after an elimination of the finding that the plaintiff's claim was fraudulently made.

The plaintiff's claim, which we now assume to have been made in good faith, was that the defendants, acting together, took and held from him land of the value of $5,000, and at the same time inflicted damages upon him of $2,000. Upon any possible theory of law this claim states the plaintiff's side of a controversy, which is unquestionably within the jurisdiction of the Circuit Court. When it is duly put in issue by the defendants' pleadings the record upon its face discloses a controversy between citizens of different States, in which "the matter in dispute exceeds two thousand dollars in value," and, therefore, one which is within the exact words of the act conferring jurisdiction upon that court. It is legally possible for the plaintiff to recover the full amount of all the land and the full amount of the damages claimed. We know of no case that holds that in such a situation the judge of the Circuit Court is authorized to interpose and try a sufficient part of the controversy between the parties to satisfy himself that the plaintiff ought to recover less than the jurisdictional amount, and to conclude, therefore, that the real controversy between the parties is concerning a subject of less than the jurisdictional value, and we think that by sound principle he is forbidden to do so. In exercising the authority to dismiss the action conferred by the act of 1875

the judge may proceed upon motion of the parties or upon his own motion, and, if he chooses, without trial by jury. *Williams* v. *Nottawa,* 104 U. S. 209; *Wetmore* v. *Rymer, ub. sup.* Such an authority obviously is not unlimited, and its limits ought to be ascertained and observed, lest under the guise of determining jurisdiction the merits of the controversy between the parties be summarily decided without the ordinary incidents of a trial, including the right to a jury. For it must not be forgotten that where in good faith one has brought into court a cause of action, which, as stated by him, is clearly within its jurisdiction, he has the right to try its merits in the manner provided by the Constitution and law, and can not be compelled to submit to a trial of another kind. This was clearly stated by Mr. Justice Matthews in *Barry* v. *Edmunds,* 116 U. S. at page 565, who said: "In no case is it permissible for the court to substitute itself for the jury, and compel a compliance on the part of the latter with its own view of the facts in evidence, as the standard and measure of that justice, which the jury itself is the appointed constitutional tribunal to award." In applying these general principles for the purpose of ascertaining the limits of the authority to dismiss summarily for lack of jurisdiction the circumstance that in this case a jury was waived by the parties is without significance, because if the judge had authority to adopt this summary method he could dispense with the jury, whether the parties agreed to it or not.

The error into which the judge in the court below has fallen is shown by an analysis of his findings. He did not find that the land which the plaintiff claimed to recover was not of a value in excess of $2,000, but that parts of that land, which each defendant claimed that the plaintiff ought only to recover against him, were each of less than the value of $2,000. As the plaintiff alleged and the defendants denied that the defendants jointly took and held his whole lot of land, the judge, on the conceded value of the plaintiff's land, in order to have arrived at the conclusion that the case should be dismissed,

must have found that the defendants had not jointly taken and held the whole of the plaintiff's land. In doing this we think he exceeded his authority under the statute; and in determining the jurisdiction, in effect, decided the controversy between the parties upon the merits. In deciding that the defendants had not acted jointly, as the plaintiff alleged and the defendants denied, he determined not a jurisdictional fact, but an essential element of the merits of the dispute upon which the parties were at issue.

An assumption which underlay the action of the court below in dismissing the case evidently was that if the defendants, as they asserted in their pleadings, had, each, acting by virtue of a separate and independent title, taken and held a part only of the plaintiff's land, each part being less than the jurisdictional amount, although the whole was of more than the jurisdictional amount, there was no controversy within the jurisdiction of the Circuit Court. The correctness of this assumption of law has been argued before us by the parties. We do not deem it necessary to decide that question. There is certainly respectable authority which tends to show that in such a case the plaintiff, being the owner of a single lot of land, may maintain one action against all the defendants and that the measure of jurisdiction is the value of the plaintiff's land, and not the value of the part held by each defendant. The appropriate rule, however, to be applied to the facts of this case can be better determined in a trial on the merits, where instructions on their varied aspects may be given to the jury, subject to the review provided by law.

Because the Circuit Court erred in dismissing the case for want of jurisdiction, its action must be reversed.

*The judgment of the court below is therefore reversed and the cause remanded to that court with directions to take such further proceedings therein as the law requires and in conformity with this opinion.*

MR. JUSTICE BREWER dissents.