PNEUMATIC · SCALE CORPORATION, LIMITED, v. MAPL-FLAKE MILLS, Inc.

District Court, D. Delaware.    March 8, 1928.
No. 660.

1. Trial ⬅11(3)—Mere allegations in answer are not ground for transferring cause to law docket.

Motion to transfer cause from equity to law docket cannot be maintained on mere allegations in the answer, nor are affidavits admissible in support of such allegations, which must be established under the usual rules of evidence.

2. Courts ⬅347(3)—Defense pleaded in bar admits allegations of bill not put in issue by such defense (equity rule 29).

A defense pleaded in the answer, pursuant to equity rule 29, which, under the former practice, would have been presentable by plea in bar, like such plea, admits all allegations of the bill not put in issue by the separate defense.

In Equity.    Suit by the Pneumatic Scale Corporation, Limited, against the Mapl-Flake Mills, Inc.    On motion by defendant to transfer to law side.    Denied.

Robert H. Richards and Aaron Finger, both of Wilmington, Del., and Eiffel B. Gale, of Yonkers, N. Y., for plaintiff.

Andrew C. Gray, of Wilmington, Del., and C. J. Merriam and Arthur M. Cox, both of Chicago, Ill., for defendant.

MORRIS, District Judge.    Mapl-Flake Mills, Inc., defendant in this patent infringement suit, instituted against it in equity by Pneumatic Scale Corporation, Limited, to obtain the usual equitable relief, has set up in its answer that the alleged infringing machines were never owned by it, that prior to the filing of the bill of complaint, it returned the machines to their owner, and that it does not expect to use these or like machines at any time in the future.    It denies that further infringement is threatened or can be reasonably apprehended.    Asserting that injunction is not the appropriate remedy to procure relief for past injuries, and may be availed of only to prevent further injury actually threatened (High on Injunctions, § 23, Kennicott Water Softener Co. v. Bain, 185 F. 520 [C. C. A. 7]), and that an accounting for profits and damages can be here had only as incidental to the granting of an injunction (Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975), the defendant, standing upon equity rule 22, moves that the suit be forthwith transferred to the law side of the court.    In support of its allegations that no further infringement is threatened or probable, the defendant now tenders at the hearing upon the motion numerous affidavits as evidence.

[1] The plaintiff opposes the motion to transfer, and objects to the admission of the affidavits as evidence thereon.    I think the plaintiff is right upon both points.    If the averment in the answer upon which the motion is based can be considered a defense formerly presentable by plea in bar (see equity rule 29), the truth of the allegations constituting that defense must be established in conformity with the usual rules of evidence.    This was true under the earlier rules.    Mitford & Tyler's Pl. & Pr. in Equity, p. 392;    Farley v. Kittson, 120 U. S. 303, 7 S. Ct. 534, 30 L. Ed. 684;    Daniels v. Benedict, 97 F. 367 (C. C. A. 8).    It is likewise true under the present rules.    Equity rule 46.    But, if not in the nature of a plea in bar, the averments of the answer relied upon to support the motion to transfer go to the very heart of plaintiff's case;    and their truthfulness can be ascertained only in the manner now required in all trials in equity.    Equity rules 46 and 47.

[2] But the pending motion has an infirmity that lies deeper, I think, than the failure of the defendant to prove its underlying averments true in fact, in conformity with the prevailing rules of evidence and modes of procedure.    The bill of complaint sets up a cause of action cognizable in equity.    For the cause of action there pleaded, a court of law affords no plain, complete, and adequate remedy.    Under the former rules and practice, a plea in bar was deemed to admit all allegations of the bill not controverted by the plea.    Dan. Ch. Pr. (6th Am. Ed.) p. 837.    Every defense now made in the answer pursuant to equity rule 29, which under the former practice was presentable by plea in bar, must, upon a separate hearing, be held constructively to admit the truth of the allegations of the bill not put in issue by the separate defense.    Past infringement by the defendant is, consequently, here conceded, for the purposes of the pending motion. · But past infringement is some evidence tending to establish a threat or a probability of future invasion of plaintiff's rights.    So it cannot now be said that plaintiff's averments of threats or future injury by the defendant are wholly colorable and made merely for the purpose of conferring, without justification, jurisdiction in equity.    Under such circumstances, I think Judge Bradford was right when he said: "The dominant factor in determining the question of jurisdiction is to be found in the general scope and nature of the case as made by the bill. * * *" Wright v. Barnard (D. C.) 233 F. 329, 331.

A valid defense is without efficacy to de-

prive a court of equity of jurisdiction over a bona fide suit, of which it has cognizance, or to convert that suit into another and different one, which, had the latter been the suit instituted, "should have been brought as an action on the law side of the court." See Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500, 505, 13 S. Ct. 416, 37 L. Ed. 255; Smithers v. Smith, 204 U. S. 632, 642, 27 S. Ct. 297, 51 L. Ed. 656.

The motion to transfer must be denied.