**Marion F. McDONALD, Appellant,**

v.

**C. Y. PATTON, Sr., trading and doing business as Patton's Gulf Service, Appellee.**

**No. 7273.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 14, 1956.

Decided Jan. 7, 1957.

Loren D. Packer, Asheville, N. C. (Meekins, Packer & Roberts, Asheville, N. C., on the brief), for appellant.

Ralph H. Ramsey, Jr., Brevard, N. C. (Ramsey & Hill, Brevard, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and HOFFMAN, District Judge.

SOBELOFF, Circuit Judge.

In a suit grounded on diversity of citizenship, how far may a federal court inquire preliminarily into the merits of the asserted claim in order to determine whether or not the required jurisdictional amount of $3,000.00 is involved? This is the question raised for decision on the appeal of a plaintiff whose suit was dismissed, before trial, upon the defendant's motion. The District Court held, after inquiry into the merits of certain items set forth in the plaintiff's bill of particulars, that the Court lacked jurisdiction "because the amount *actually* in controversy" was less than required. (Italics ours.)

Before beginning a journey from North Carolina to his home in Florida, the appellant stopped at the appellee's filling station in Brevard, North Carolina, to purchase gasoline and to have the wheels of his station wagon "rotated" to effect an even distribution of wear on the tires. After this had been done and he had proceeded a short distance in the vehicle, the left rear wheel came off, causing the chassis to drag the ground and damaging the gas tank. Gasoline poured out and burst into flames, completely destroying the station wagon and its contents. The appellant sued the appellee, charging negligence in failing to tighten and secure the wheels properly. The damages alleged were slightly in excess of $3,000.00.

On motion of the defendant, the plaintiff was required to furnish a bill of particulars, from which it appeared that the claim included two items upon which the dispute in this case is focused. The first is a "towing charge for burned vehicle, $14.00"; the second is "bus fare for three laborers and self from Brevard, North Carolina, to Miami, Florida, $67.90." If both items are deducted, the claim falls below $3,000.00; but if either may be included, the requisite jurisdictional amount is present. Before Answer, a motion to dismiss was filed and, the Court being of the opinion that neither of the two items was recoverable, the complaint was dismissed.

It is the firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction; and it is indisputably the law that if the ultimate recovery is for less than the amount claimed, this is immaterial on the question of jurisdiction. Scott v. Donald, 165 U.S. 58, 17 S.Ct. 265, 41 L.Ed. 632. From early days, the broad sweep of the rule has been subject to a qualification namely, that the plaintiff's claim must appear to be made in good faith. Bowman v. Chicago & Northwestern Railway Co., 115 U.S. 611, 6 S.Ct. 192, 29 L.Ed. 502; Schunk v. Moline, Milburn & Stoddart Co., 147 U.S. 500, 505, 13 S.Ct. 416, 37 L.Ed. 255. Where it is plain that there is a mere pretense as to the amount in dispute, the amount of the claim will not avail to create jurisdiction, but where the plaintiff makes his claim in obvious good faith, it is sufficient for jurisdictional purposes; and this is so even where it is apparent on the face of the claim that the defendant has a valid defense. Upton v. McLaughlin, 105 U.S. 640, 26 L.Ed. 1197; Schunk v. Moline, Milburn & Stoddart Co., supra; Smithers v. Smith, 204 U.S. 632, 27 S.Ct. 297, 51 L.Ed. 656. In the last cited case, the Supreme Court said, 204 U.S. at page 644, 27 S.Ct. at page 300, that when a plaintiff in good faith asserts a claim in an amount within the jurisdiction of the Court, the Judge is forbidden "to interpose and try a sufficient part of the controversy between the parties to satisfy himself that the plaintiff ought to recover less than the jurisdictional amount, and to conclude, therefore, that the real controversy between the parties is con-

cerning a subject of less than the jurisdictional value."

■ In applying this test, it has been further recognized that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. Such is the doctrine laid down in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845. However, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff.

In certain of the older cases, a somewhat different statement of the rule is found. It was formerly said that "if, from the nature of the case as stated in the pleadings, there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach." Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 647, 42 L.Ed. 1111. The possible difference between the two formulations was the subject of some discussion in Calhoun v. Kentucky-West Virginia Gas Co., 6 Cir., 166 F.2d 530, but the difference may be more apparent than real. Cf. Scott v. Donald, supra, 165 U.S. at page 89, 17 S.Ct. 265, and Barry v. Edmunds, 116 U.S. 550, 559, 6 S.Ct. 501, 29 L.Ed. 729. However this may be, if the older version was different, it yields to the one more recently declared in the St. Paul-Mercury case.

The case of Levering & Garrigues v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 550, 77 L.Ed. 1062, furnishes a useful example of the rule's application and marks what may be regarded as the outer limit beyond which courts should not go in denying jurisdiction in the face of the plaintiff's allegation. While this case was not one of diversity, but dealt with a question of jurisdiction under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, it is illustrative of the Court's attitude. There the Court declared a lack of federal jurisdiction, because the claim was "plainly unsubstantial" and "obviously without merit," and because "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy."

The conservatism with which courts regard motions to dismiss for lack of jurisdiction on the ground that recovery of the requisite amount is not legally possible is further illustrated in the Calhoun case, supra. Suit was filed to recover damages to the plaintiff's house from quaking caused by the defendant's machinery, and consequential damages for personal suffering were also claimed. The defendant contended that the suit was really for less than the required jurisdictional amount, because recovery for personal damages in such cases was not allowed in Kentucky. The Court of Appeals noting, however, that the point was debatable under Kentucky law, applied the rule of the St. Paul case and sustained jurisdiction. The reason given was that the absence of the right of recovery was not, on the face of the pleadings, apparent to a legal certainty and that the question raised went to the merits of the case rather than to jurisdiction. We agree with the Sixth Circuit's interpretation and application of the rule of the St. Paul case.[1]

■ Turning to the law of North Carolina, it cannot be said that the claim of the plaintiff in respect to the towing charge is so plainly wanting in legal merit as to deprive the Court of jurisdiction. The appellee concedes that the Supreme Court of North Carolina has not passed upon the exact question of

---

1. This rule has also been applied in other circuits, though not on the precise issue we have here. See Berger v. Austin, Nichols & Co., 7 Cir., 170 F.2d 330; Loew's Drive-In Theatres v. Park-In Theatres, 1 Cir., 174 F.2d 547; Mercer v. Byrons, 1 Cir., 200 F.2d 284.

the recoverability of towing expenses, but he reasons, by analogy, from cases dealing with the measure of damages for the destruction of property. True, as the appellee points out, the Supreme Court of North Carolina has held that ordinarily the measure of damages is the difference between the reasonable or fair market value of the damaged property before and after the tortious act. United States Fidelity & Guaranty Co. v. P. & F. Motor Express, Inc., 220 N.C. 721, 18 S.E.2d 116; Simrel v. Meeler, 238 N.C. 668, 78 S.E.2d 766, 767; DeLaney v. Henderson-Gilmer Co., 172 N.C. 647, 135 S.E. 791. But it is far from certain that the North Carolina law precludes recovery for other losses directly resulting from a defendant's negligence. It is at least arguable that there may be recovery where the owner of a wrecked car pays a reasonable amount to tow it away, either to remove an obstruction from the highway, in obedience to his legal duty, North Carolina General Stats. § 20–161, or in an effort to ascertain the extent of the damage, since he is obligated by law to minimize the loss if he can. First National Pictures Distributing Corp. v. Seawell, 205 N.C. 359, 171 S.E. 354.

The cases relied on by the appellee deal with the *measure* of damages allowable for loss of personal property; they do not relate to the question we face here, namely, whether certain other expenses flowing directly and naturally from the alleged wrongful act may be recovered in addition to the compensation due for the damage or destruction of the property itself. The law of North Carolina does not seem to us to preclude recovery of such expenses. The case of Lane v. Southern Railway Co., 192 N.C. 287, 134 S.E. 855, 51 A.L.R. 1114, holds that a defendant is liable for the proximate results of his negligent conduct, even where there have been intervening acts of third parties. Though involving a different situation, the decision suggests that the Supreme Court of North Carolina is not unlikely to adopt a liberal approach on issues like the one raised in this case.

The second disputed item is the claim of $67.90 bus fare for transporting three laborers and the appellant to Florida. If we look only to the bare allegation of the bill of particulars, we cannot say as a matter of law that the claim for the bus fares is so groundless on its face that it may not be alleged. In their briefs and arguments before us and, it seems, also in the District Court, the parties have not confined themselves to the pleadings, but have argued on the basis of facts not properly before us. The appellee insists that the item should be disallowed because the bus fare expense was not actually incurred, a fact not disclosed by the pleadings. The appellant replies that by reason of the appellee's wrongful act, he was faced with the alternative of bearing this expense or being compelled to purchase without delay another automobile at a higher price than he would have had to pay in Florida. In these circumstances, he claims not the entire increase in price which he says he was called upon to pay, but at least what he would have spent on the bus fare had he waited to buy a car in Florida. The detailed facts, which the trial should be permitted to develop, may or may not sustain a recovery. This is not a matter for determination upon data beyond the record, or on a preliminary motion to dismiss.

Both items are asserted in apparent good faith and, in the absence of decisive authorities, are not so lacking in plausibility as to make their assertion indicative of bad faith. Either of the items is sufficient to bring the claim within the Court's jurisdiction. The motion to dismiss should not have been granted, and the order of the District Court will be reversed and the case remanded for further proceedings.

Reversed and remanded.