Robert HOGG, d/b/a Aristo-Crete,

v.

BURKHART ENGINEERING ASSOCI-ATES, INC.

Civ. A. No. 57–1173.

United States District Court
D. Massachusetts.

Feb. 5, 1959.

Roy Frank Kipp, Boston, Mass., Edward C. Lavallee, Norwich, Conn., for plaintiff.

Max J. Allen, Allen Goodman, Boston, Mass., for defendant

ALDRICH, District Judge.

This is a motion to dismiss a diversity action for want of jurisdiction, specifically for lack of the jurisdictional amount. Admittedly the plaintiff claims $15,000 as damages for breach of a written contract. Defendant says, however, that by virtue of a provision in the agreement its maximum liability is limited to certain expenses, which of themselves, concededly, amount only to a few hundred dollars.

I will assume for purposes of this motion that no issue of fact exists, and that the only question is one of interpretation of this provision in the

agreement. If it were so unambiguously in defendant's favor that no possible question of construction could exist, then the case would fall within the language of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845, that the plaintiff "never was entitled" to the amount sought. That phrase, however, is not to be read out of context. It is true that where a claim depends upon a written instrument, once that instrument is interpreted against a plaintiff it follows, that the plaintiff "never was entitled" to recover. But the question of jurisdiction depends upon the initial existence of a controversy, 28 U.S.C.A. § 1332, not upon its eventual resolution. If there is a bona fide legal dispute, that constitutes a controversy just as much as does a factual dispute. Cf. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. I could not describe as only colorable plaintiff's contention that the contract provision upon which defendant relies does not have the limiting effect which defendant asserts. Accordingly, disposition on the merits is required. Fireman's Fund Insurance Co. v. Railway Express Agency, 6 Cir., 253 F.2d 780; McDonald v. Patton, 4 Cir., 240 F.2d 424. The motion is denied.