**Duncan WORK, Plaintiff,**

v.

**U.S. TRADE, INC., Defendant.**

**Civ. A. No. 90–0749–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 16, 1990.

---

Peder A. Garske, Robert C. Sanders, Clifford & Warnke, Washington, D.C., for plaintiff.

Richard T. Robb, Springfield, Va., for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

This matter is before the Court on defendant U.S. Trade, Inc.'s Motion to Dismiss for Want of Subject Matter Jurisdiction. For the reasons stated below, the Court denies defendant's motion.

### Background

This is a diversity action for breach of an employment contract and for declaratory judgment. The complaint, filed in early June, 1990, consists of two counts. The first seeks monetary damages for the breach of contract in the amount of $45,-000. More specifically, plaintiff Duncan Work ("Work") alleges that his former employer, U.S. Trade, Inc. ("U.S. Trade") failed to pay him certain commissions and minimum salary payments earned through services performed on various projects. In the second count, Work seeks a declaratory judgment that U.S. Trade breached the employment contract and that such breach has discharged Work from his obligation under the contract not to compete with U.S. Trade for a period of two years following termination. Work values his right to compete for the roughly four remaining months subject to the non-competition provision [1] at $20,000.[2] Thus, standing alone, neither count satisfies the jurisdictional $50,000 minimum. *See* 28 U.S.C. § 1332. Taken together, they do. On these facts, U.S. Trade attacks Work's jurisdictional allegation that the amount in controversy exceeds $50,000, exclusive of interest and costs. U.S. Trade advances a variety of arguments, each of which is, in essence, an attack on the declaratory judgment count. None is ultimately persuasive.

### Analysis

■■■ The parties do not dispute the well-established rule that the jurisdictional amount in controversy is determined as of the time that the action is commenced. *See In Re A.H. Robins Co., Inc.,* 880 F.2d 709, 723 (4th Cir.) (jurisdictional amounts determined by facts alleged at time of filing of action), *cert. denied,* —— U.S. ——, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989); Wright & Miller § 3702, at 28. Even when the complaint discloses a valid defense to plaintiff's action, the sum claimed by plaintiff controls. *See Smithers v. Smith,* 204 U.S. 632, 27 S.Ct. 297, 51 L.Ed. 656 (1907). And subsequent events that diminish the plain-

---

1. The non-competition restriction expired, according to its own terms, in early September, 1990.

2. The methodology Work uses to value the declaratory judgment count is consistent with settled principles and is apparently undisputed by U.S. Trade. It is established, as a general matter, that the amount in controversy is measured by the direct pecuniary value of the right the plaintiff seeks to enforce or the value of the object of the suit. *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). The same test applies in actions for declaratory judgments. *See* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3708, at 157 (2d ed.

1985) ("Wright & Miller"). In this case, Work offers two reasonable means of valuing the right to compete at issue: (1) comparison with his past commissions involving work in the same trade, and (2) division of his total annual commissions by the total number of months worked. By either measure, Work's earnings come to approximately $5,000 per month. *Compare, e.g., Premier Industrial Corp. v. Texas Industrial Fastener Co.,* 450 F.2d 444 (5th Cir. 1971) (in action by employer against former employee to enforce covenant not to compete, court typically will look, as a means of evaluation, to profits earned by employer on business generated by employee during the period immediately preceding termination).

tiff's recovery below the jurisdictional minimum do not destroy jurisdiction once it is properly acquired. *See, e.g., Griffin v. Red Run Lodge, Inc.,* 610 F.2d 1198 (4th Cir. 1979). The general rule governing dismissal for want of jurisdiction in federal cases is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

These principles, applied to the instant complaint, suggest that the complaint, on its face, satisfies the jurisdictional minimum. But U.S. Trade invites the Court to look behind the face of the complaint. Specifically, U.S. Trade contends that the jurisdictional amount calculation should exclude the $20,000 attributable to the declaratory judgment because that claim is not asserted in good faith, because it presents no case or controversy, and because there is a legal certainty that the claim will not succeed.

### A. Good Faith

■ The lack of good faith argument rests on an inference U.S. Trade contends is compelled by certain facts. Those facts are (i) that Work apparently has not attempted to compete with U.S. Trade, (ii) that U.S. Trade has done nothing to prevent Work from competing, (iii) the parties' correspondence makes no mention of the non-competition provision, and (iv) that early drafts of the complaint did not include the declaratory judgment count. From these circumstances, the Court is asked to conclude that the right to compete is worthless to plaintiff and that the sole purpose of its inclusion is to obtain federal jurisdiction.

This argument fails. To begin with, the inferences urged by U.S. Trade are neither compelled nor inevitable; other reasons, reasons consistent with Work's valuation of the right to compete, may explain the facts. The point is that nothing on the face of the complaint shows bad faith. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. at 288–89, 58 S.Ct. at 590 (plaintiff's claim need only be "apparently made in good faith"). And significantly, U.S. Trade offers no independent facts of the sort that typically suggest bad faith. Nor do any such facts exist in the record. In these circumstances, courts must be wary of relying on ambiguous circumstances to find a bad faith abuse of federal court jurisdiction. Such a finding typically is warranted only in those "relatively infrequent instances in which flagrant abuse of federal court jurisdiction is obvious." Wright & Miller § 3702 at 53.[3] This case is not such an instance; this complaint does not exhibit the requisite flagrant discrepancy between the damages alleged and the facts. *Compare Reyes v. Eastern Airlines, Inc.,* 528 F.Supp. 765 (D.PR.1981) (in action for denial of seats on reserved flight, bad faith was found to infect the $10,000 damage allegation where assertions of mental anguish and pain were conclusory at best, claims for lost baggage were valued at $394, and case did not involve physical injury).

■ Also worth noting is that while some judicial language suggests a subjective good faith test, the proper test is an objective one. *See* Wright & Miller § 3702 at 55–56. In other words, courts should not probe for subjective ill-will on the part of a plaintiff, but should be limited to imputing bad faith from objective facts and circumstances. Were this not so, the elusiveness of subjective good faith might

---

**3.** For illustrations of such infrequent instances, *see, e.g., Dozier v. Ford Motor Co.,* 702 F.2d 1189 (D.C.Cir.1983) (fact that plaintiff amended claim after initial finding of jurisdictional inadequacy serves as independent evidence that claim was inflated solely to exceed jurisdictional minimum); *Arnold v. Troccoli,* 344 F.2d 842 (2d Cir.1965) (plaintiff's stated reason for dismissing suit for $6,000 in state court and suing instead in federal court for $15,000 was that earlier trial could be obtained in federal court); *Fritz v. Warner–Lambert Pharmaceutical Co.,* 349 F.Supp. 1250 (D.C.N.Y.1972) (plaintiff originally sought $5,000 in punitive damages, but after defendant moved to dismiss for lack of jurisdiction plaintiff increased claim to $50,000).

well cause threshold jurisdictional hearings to be inappropriately lengthy and futile efforts. In any event, as a practical matter, courts have largely conflated the good faith test with the legal certainty test. Thus, bad faith is generally imputed only where it appears to a legal certainty that plaintiff's claim cannot meet the jurisdictional minimum. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Jones v. Landry,* 387 F.2d 102, 104 (5th Cir.1967) (good faith and legal certainty are equivalents rather than separate tests); *McDonald v. Patton,* 240 F.2d 424 (4th Cir.1957); *Laws v. Spain,* 312 F.Supp. 315, 318 (E.D.Va.1970) ("in deciding the 'good faith' issue, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount"). And, as explained *infra,* none of U.S. Trade's legal certainty arguments is persuasive.

### B. Legal Certainty

■ Legal certainty sets a high threshold that is not often met. "[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Wiggins v. North American Equitable Life Assurance Co.,* 644 F.2d 1014, 1017 (4th Cir.1981) (quoting *McDonald v. Patton,* 240 F.2d 424, 426 (4th Cir.1957)); *see also* Wright & Miller § 3702, at 48–49. This makes dismissal on jurisdictional amount grounds rare despite the fact that a majority of courts appear to place the burden of demonstrating jurisdiction on the party seeking to invoke it. *See* Wright & Miller § 3702, at 19 (citing cases). Yet another reason the legal certainty test rarely leads to dismissal is that it is the face of the complaint [4] and the circumstances at the time of filing that control. Nor does it matter that the passage of time, here about four months, operates to render a claim moot. *See, e.g., Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) (right to declaratory relief is determined at the time of hearing); *Merced Rosa v. Herrero,* 423 F.2d 591 (1st Cir.1970) (mootness is judged at the present). In the context of determining jurisdiction, what matters is whether, viewed from the date the complaint was filed, a plaintiff reasonably could expect to recover the sum sought. Nothing on the face of Work's complaint or in the circumstances existing at the time of filing compel the conclusion to a legal certainty that the declaratory judgment claim was worthless.

■ In an effort to escape this conclusion, U.S. Trade argues that the declaratory judgment count was destined to fail because the Court would surely decline to entertain it. The flaw here is that this is only a prediction, not a legal certainty. It is established that all bases for nonmonetary relief, including declaratory judgments, are discretionary. *See, e.g., Sanchez–Espinoza v. Reagan,* 770 F.2d 202 (D.C.Cir.1985); *Hill v. Liberty Mut. Ins. Co.,* 453 F.Supp. 1342 (E.D.Va.1978). But U.S. Trade cannot create a legal certainty by speculating as to how the Court might exercise its discretion. Legal certainty is a higher standard. *See, e.g., Kahal v. T.W. Wilson & Associates, Inc.,* 673 F.2d 547 (D.C.Cir.1982) (claim for punitive damages insufficient to give district court subject matter jurisdiction in a diversity action where plaintiff did not allege the type of egregious conduct that would justify punitive damages under District of Columbia law); *Wiggins v. North American Equitable Life Assurance Co.,* 644 F.2d 1014 (4th Cir.1981) (where claim for compensatory damages was for less than jurisdictional minimum, punitive damages claim could not confer subject matter jurisdiction on district court because plaintiff could not recover punitive damages for pure breach of contract under Maryland law).

■ Finally, U.S. Trade argues that the declaratory relief is inappropriate here because it does not seek affirmative relief but merely asks the Court to validate a defense that Work might invoke in a future

---

4. *See Smithers v. Smith,* 204 U.S. 632, 642, 27 S.Ct. 297, 299, 51 L.Ed. 656 (1907) (stating the rule that plaintiff's allegations of value govern in determining jurisdiction "except where, upon the face of his own pleadings, it is not legally possible for him to recover the jurisdictional amount").

action against him by U.S. Trade. The mere anticipation of defenses may not be a proper use of the declaratory judgment procedure. *See, e.g., Hanes Corp. v. Millard,* 531 F.2d 585 (D.C.Cir.1976). But this is only one factor for the Court to consider in exercising its discretion. *See Salomon Brothers, Inc. v. Carey,* 556 F.Supp. 499, 502 (S.D.N.Y.1983). Given the complaint's allegations and the circumstances then existing, the request for declaratory relief is more than the mere anticipation of a defense; it is a request for affirmative relief that would appear to serve a useful purpose in clarifying and settling the parties legal relations and affording them relief from uncertainty. *See White v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 913 F.2d 165, 168 (4th Cir.1990); *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937).

In sum, U.S. Trade's arguments fall short of the high threshold set by the legal certainty standard.

## C. Case or Controversy

 Next, U.S. Trade argues that the declaratory judgment count could not succeed because it fails to state a judicially cognizable case or controversy.[5] This follows, U.S. Trade contends, from the fact that neither party has attempted either to exercise, or to prevent the exercise, of its rights under the non-competition clause of the contract. This argument misunderstands the case or controversy requirement.

 Both Article III of the Constitution and the Declaratory Judgment Act limit federal courts to adjudication of actual cases or controversies. A justiciable controversy must not be hypothetical, abstract, academic, moot, or calling for an advisory opinion; rather, it must be definite, concrete, "real and substantial." *Aetna Life Ins. Co. of Hartford, Connecticut v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The difference between an abstract question and a real controversy is one of degree. In the declaratory judgment context, the Supreme Court has stated that the basic question is whether under all the circumstances the facts alleged show a controversy of adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941); *See also White v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 913 F.2d at 167–68. This standard demands a case-by-case determination. *See* 10A Wright & Miller § 2757, at 580.

In the circumstances at bar, the Court concludes that the complaint states a controversy concerning the validity and interpretation of the contractual no-compete clause that, at the time of the complaint's filing, was sufficiently "real and substantial" to be justiciable. The issue was not then merely hypothetical. Had Work then commenced competing with U.S. Trade, this Court cannot confidently conclude that the latter would not have sued.[6] In these circumstances, Work, at the time of filing, was entitled to a determination of his rights under the contract. *See, e.g., Fine v. Property Damage Appraisers, Inc.,* 393 F.Supp. 1304 (D.C.La.1975) (when real controversy exists between parties to a contract, a party may not be compelled to breach contract in order to determine the legal consequences of that breach, and declaratory judgment is proper vehicle for relief); *Auto Mut. Indemn. Co. v. Dupont,* 21 F.Supp. 606 (D.Del.1937) (party aggrieved by breach of a vital condition of contract

---

**5.** While the case or controversy question here appears in the context of a motion to dismiss on jurisdictional grounds, the question may also arise either prior to or following the determination of jurisdiction. *See generally* 10A Wright & Miller § 2757 (2d ed. 1983).

**6.** U.S. Trade's cited case *Johnson v. Interstate Transit Lines,* 163 F.2d 125 (10th Cir.1947), is thus inapposite. In that case, the plaintiff sought a declaration that he had superior employment seniority rights. No case or controversy was found because the complaint did not allege a threatened loss of employment, an imminent lay-off of employees, or any other concrete action by the employer against the employee. Here, the complaint states an actual controversy because it alleges that U.S. Trade breached the contract.

**1190**

may seek judicial construction of it to determine whether it is terminated). That this claim has now become moot makes a decision unnecessary, but does not operate to divest this Court of jurisdiction.

In sum, because the declaratory judgment count states a proper case or controversy and is not certain to fail, its valuation by plaintiff may be considered in determining whether the jurisdictional minimum has been satisfied. Considering the two counts of the complaint together, the recovery sought exceeds $50,000. Accordingly, defendant's motion must be denied.