**Richard Edward WALLACE, Plaintiff,**

v.

**The HARTFORD INSURANCE COMPANY, Defendant.**

**Civ. A. No. 83–0165–D.**

United States District Court,
W.D. Virginia,
Danville Division.

April 26, 1984.

R.H. Pettus, George C. Cherry, Keysville, Va., for plaintiff.

Albert M. Orgain, IV, Sands, Anderson, Marks & Miller, Richmond, Va., for defendant.

### MEMORANDUM OPINION

KISER, District Judge.

The instant case involves the availability of punitive damages for breach of contract in Virginia and its interrelationship with the federal jurisdictional amount requirement. Richard Edward Wallace ("Wallace") originally brought this action against Hartford Insurance Company ("Hartford"), a Connecticut corporation, in the Circuit Court of Charlotte County, Virginia. In the motion for judgment, Wallace alleged that he purchased the fire insurance policy in question from Hartford; that the policy, which was issued to Wallace on January 14, 1981, covered a certain dwelling house he owned in Charlotte County; and that the policy coverage on this dwelling was in the amount of $8,800. Wallace further averred that on or about November 1, 1982, the dwelling covered by the policy was destroyed by fire; that he made a timely claim to Hartford for the loss of the building to the extent of $8,800; and that Hartford has refused payment on the grounds that the policy coverage was void. The motion for judgment concludes with the following language:

> Coverage under said policy was not voided, and defendant acted arbitrarily, oppressively, and wantonly in denying plaintiff's claim and refusing payment to plaintiff as aforesaid.

> WHEREFORE, Plaintiff, Richard Edward Wallace, demands judgment against defendant, The Hartford Insurance Company, for EIGHT THOUSAND EIGHT HUNDRED ($8,800.00) DOLLARS and interest thereon from date of loss in compensatory damages and FIFTY THOUSAND ($50,000.00) DOLLARS in punitive damages, plus his costs in this behalf expended.

After service of the Motion for Judgement, Hartford filed a petition for removal in this Court alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1), i.e. that the amount in controversy exceeded the sum or value of $10,000 exclusive of interest and costs and that the parties were citizens of different states. After the case was removed, Wallace moved to amend his complaint to strike his demand for punitive damages and to then remand the instant case to state court because of the resulting deficiency in jurisdictional amount. On brief, Wallace has apparently abandoned his original strategy in seeking to have the case remanded. He now contends that the more appropriate manner of seeking to have this Court remand the case is to proceed under 28 U.S.C. § 1447(c).[1] Hartford correctly responds that where an action such as this has been removed from state court, a plaintiff cannot by amendment of his complaint to delete any claim for punitive damages subsequently divest the federal court of jurisdiction. *See St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938).

At oral argument on this matter, the Court directed the attention of counsel to the case of *Wiggins v. North American Equitable Life Assurance Company*, 644 F.2d 1014 (4th Cir.1981). Hartford having filed its supplemental brief, this matter is now ready for disposition. After careful consideration, I have concluded on the authority of *Wiggins v. North American Equitable Life Assurance Company, supra*, and *Kamlar Corporation v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983), that the $10,000 jurisdictional amount is not present and that the instant case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

In *Wiggins*, the Fourth Circuit, after noting that under Maryland law punitive damages could never be recovered in a pure breach of contract action, held that since the remaining compensatory damages prayed for were for less than the requisite $10,000 the district court lacked jurisdiction. In its analysis, the court pointed to the leading case of *St. Paul Mercury Indemnity Company v. Red Cab Company, supra*, and also *McDonald v. Patton*, 240 F.2d 424 (4th Cir.1957). Both *St. Paul* and *McDonald* stand for the well-established principle that diversity jurisdiction is not present in those case removed into federal court where it appears, as a matter of "legal certainty", that the plaintiff cannot recover the jurisdictional amount. *Accord Kahal v. J.W. Wilson and Associates, Inc.*, 673 F.2d 547 (D.C.Cir.1982) [applying District of Columbia law]. Thus, in light of the fact that Wallace has asked for only $8,800 in compensatory damages, the critical focus is whether under applicable Virginia law punitive damages may be recovered in this case.

In the recent case of *Kamlar Corporation v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983), a majority of the Supreme Court of Virginia, speaking through Justice Russell, held that "proof of an independent, wilful tort, beyond the mere breach of duty imposed by contract [is required] as a predicate for an award of punitive damages regardless of the motives underlying the breach." *Id.* at 705, 299 S.E.2d at 518. *See also Piper v. Brown*, 731 F.2d 219, 224 (4th Cir.1983); *Cf. Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855 (1956) [pre-*Haley* rule]; *Mize v. Hartford Insurance Company*, 567 F.Supp. 550 (W.D.Va.1983) [decided prior to *Haley* decision].[2]

Applying these principles to the case at bar, I find that it is clear to a legal certainty that Wallace is precluded under Virginia

---

1. 28 U.S.C. § 1447(c), in pertinent part, provides:
   If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order payment of just costs.

2. For a discussion of the law of punitive damages in Virginia, see North, *Punitive Damages: An Update*, 10 Virginia Bar Association Journal 16 (1984).

law from recovering an amount in excess of $10,000.[3] The allegations contained in his motion for judgment, despite giving Wallace all favorable inferences, are insufficient to support his claim for punitive damages. He has simply failed to plead the wilful, independent tort required for an award of punitive damages under *Kamlar Corporation v. Haley, supra.* Wallace, like his counterpart in *Haley*, has at most alleged only a breach of contract accompanied by ulterior motives. Therefore, since under Virginia law Wallace cannot recover his claim for punitive damages, this case only involves a controversy in the amount of $8,800. It follows that the case was removed improperly and without the requisite jurisdictional amount.

---

**3.** In its supplemental brief, Hartford maintains that it is not a "legal certainty" that Wallace has failed to state a claim for punitive damages *unless* this Court refuses to allow Wallace leave to amend in order to correct the insufficiency in his complaint. This argument is without merit in light of Wallace's decision to abandon his motion to amend and remand. As mentioned above, in his brief Wallace now urges remand under 28 U.S.C. § 1447(c).

Hartford also argues that "[t]o allow [Wallace] to now concede a technical flaw in his pleadings in an effort to avoid federal jurisdiction (thereby remanding his case to a jurisdiction which he perceives to be more friendly to his cause) defeats the whole purpose of removal jurisdiction." I disagree. Regardless of whether or not either party has moved for remand, it is incumbent upon a federal court to determine, *sua sponte*, whether it has subject matter jurisdiction in the case. *See, e.g.,* 14 Wright, Miller and Cooper, Federal Practice and Procedure § 3739 (1976); 1A Moore's Federal Practice ¶ 0.168[4.1] (2d ed. 1983).

Lastly, having determined that this case was removed improperly and that this Court was without jurisdiction, Hartford's request that the Court rule as a matter of law that Wallace's claim for punitive damages fails to state a cause of action accordingly must be denied.