904 F.2d 699
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FAIRWAY LIMITED, Plaintiff-Appellant,
v.
KFC NATIONAL MANAGEMENT CO., Defendant-Appellee.
FAIRWAY LIMITED, Plaintiff-Appellant,
v.
KFC NATIONAL MANAGEMENT CO., Defendant-Appellee.
 Nos. 89-2932, 89-2970.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 10, 1990.
Decided: May 29, 1990.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (CA-85-685-C-C-M).
 William L. Auten, Charlotte, N.C. argued, for appellant; Frank L. Bryant, DEARMON AND BURRIS, Charlotte, N.C., on brief.
 John West Gresham, Ferguson, Stein, Watt, Wallas, Adkins & Gresham, P.A., Charlotte, North Carolina, for appellee; Melvin L. Watt, E. Margaret Errington, Ferguson, Stein, Watt, Wallas, Adkins & Gresham, P.A., Charlotte, N.C. on brief.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Fairway Limited appeals the district court's dismissal of its claim and the award of attorney's fees and costs to KFC National Management Company (KFC). The object of Fairway's suit was to enjoin construction of a restaurant on property Fairway had previously conveyed to KFC subject to restrictive covenants. The court found Fairway had attempted to misuse the covenants in order to force KFC to abandon its rights. We affirm.
 
 
 2
 In the fall of 1985, KFC purchased a parcel of land for $225,000 in Fairway's shopping center project in Charlotte, North Carolina, the Arnold Palmer Corporate Center, to construct a Kentucky Fried Chicken restaurant at an estimated cost of $247,000. The covenants required Fairway's approval of the proposed site plan, architectural drawings, and specifications. The district court concluded, and we agree, that KFC made conscientious and successful efforts to obtain the necessary approvals. Kevin Greve, KFC's real estate representative, contacted Fairway's general partner, James O'Neal, who directed him to deal with Reid Brawley, a real estate agent, and Fairway's attorney, Robert Hord. After Brawley found fault with the first site plan, Greve mailed him a revised site plan and the architectural drawings and specifications on October 19, 1985. Accompanied by his superior and an architect, Greve then met with Brawley on the KFC site to discuss the new plans. When Brawley advised that an entrance to the site, a "curb cut," was unacceptable, Greve readily agreed to remove the curb cut but specified that a trash dumpster would have to be moved as a result. Brawley did not object.
 
 
 3
 On October 28 or 29, 1985, Fairway attorney Hord advised Greve that the site plan was approved except for the disputed curb cut. KFC revised the site plan to delete the curb cut and closed the sale of the property. On November 26, 1985, Fairway general partner O'Neal irately complained about the relocation of the dumpster pad and threatened to close down the project if the dumpster pad were not moved. O'Neal warned he could be a "nasty neighbor." As proof, Fairway quickly obtained an ex parte temporary restraining order, filing suit in North Carolina superior court, which requires an amount in controversy of at least $10,000. N.C.Gen.Stat. Sec. 7A-243. Fairway posted $10,000 bond, although the complaint demanded compensatory damages and costs without specifying an amount.
 
 
 4
 KFC petitioned for removal to federal court, asserting diversity jurisdiction. 28 U.S.C. Sec. 1332. The court granted the petition. In the district court, KFC answered and counterclaimed, alleging Fairway had committed an unfair and deceptive trade practice when it sued to stop construction on the restaurant after it had approved the plan. On January 8, 1986, the district court denied Fairway's motion for a preliminary injunction. More than a year later, on March 10, 1987, Fairway tardily moved to remand to state court on the ground that the amount in controversy did not meet the $10,000 jurisdictional requirement of 28 U.S.C. Sec. 1332(a). The district court denied the motion for remand. After a bench trial, the court dismissed Fairway's action and awarded treble damages and attorney's fees and costs to KFC. Fairway appeals.
 
 
 5
 The amount in controversy in removal cases is determined by the amount of the original complaint unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount...." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Wiggins v. North Am. Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir.1981). On removal from state court, the defendant's burden of proving sufficient amount in controversy is light because of the "strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a Federal court or that the parties have colluded to that end." St. Paul Mercury Indem. Co., 303 U.S. at 290. In the circumstances of this case, the amount in controversy does not appear "to a legal certainty" to have been less than diversity jurisdiction requires, and the district court properly denied the motion for remand.
 
 
 6
 Likewise, we find no merit to Fairway's contentions that the district court's finding of facts were clearly erroneous. The district court received affidavits presented in connection with Fairway's application for a preliminary injunction, held a bench trial in which it heard testimony from KFC's witnesses, and noted that Fairway presented no testimony. At the conclusion of the trial, it ordered KFC to submit proposed findings of facts and gave Fairway the opportunity to respond before adopting them. We find no error in these procedures. EEOC v. Federal Reserve Bank, 698 F.2d 633, 640-41 (4th Cir.1983); see also Anderson v. Bessemer City, 470 U.S. 564, 572 (1985).
 
 
 7
 Finally, Fairway contests the district court's award of attorney's fees based on the North Carolina unfair trade practices statute. Again we find no merit in its argument. The district court correctly found that O'Neal's obstinate determination to halt construction despite his firm's approval of KFC's plans, together with his threat to be a "nasty neighbor," were sufficient evidence of lack of good faith amounting to an unfair and deceptive trade practice under the statute. See Marshall v. Miller, 302 N.C. 539, 276 S.E.2d 397 (1981). The judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.