**FLF, INC., Plaintiff,**

v.

**WORLD PUBLICATIONS, INC., Defendant.**

**Civil Action No. AW 97–4115.**

United States District Court, D. Maryland, Southern Division.

March 26, 1998.

Mark J. Hardcastle, Rockville, MD, Stephen L. Grose, Harrisburg, PA, for Plaintiff.

Gerard P. Martin, Steven F. Wrobel, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

### I.

Presently before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. In ruling upon the motion, the Court has considered the motion, the opposition thereto, and the entire record. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). For the reasons that will follow, the Court will grant the motion.

### II.

This diversity case arises from the alleged breach of an agreement between the Plaintiff, FLF, and the Defendant, World Publications, Incorporated ("WPI"). On December 1, 1996, WPI agreed to purchase certain business assets from FLF. Shortly after entering into the agreement, Mr. Terry Snow, the CEO of WPI, met with the editorial staff of Caribbean Travel and Life ("CTL"), the business unit purchased. At the meeting, Mr. Snow told the staff that WPI would keep CTL's Maryland office open and continue to

employ staff members up until June, 1997 and possibly beyond. FLF, after learning of WPI's promise of continued employment, adopted a generous severance policy for those employees that WPI did not retain. The policy granted severance payments if the employee was terminated by WPI before March 31, 1997. WPI subsequently terminated several members of the editorial staff, effective March 31, 1997. FLF now contends that WPI's failure to honor its promise to the editorial staff caused it to incur additional liability in the amount of $38,394.25 in pension benefits. FLF additionally claims damages in the amount of $52,858.54 for breaches of certain provisions of the December 1, 1996, agreement.

It should be noted that the agreement between FLF and WPI specifically provided that "Seller shall retain and Buyer shall not pay or assume any other liabilities or obligations of Seller, including ... any or all liabilities or obligations arising out of any employment contract ...." Def's Ex. A, § 1.4. The contract clearly provides that WPI did not assume any of FLF's obligations for "salaries, bonuses, severance payments ... and all other obligations to Seller's employees." *Id.* The contract also contained a merger clause which provided that the contract "represent[s] the entire Agreement and the understanding of the parties hereto and supersede all prior agreements, understandings, and negotiations among the parties relating to the subject matter hereof." Def's Ex. B, § 8.8.

WPI argues that FLF's claim for $38,-394.25 is clearly precluded by the language of the agreement. Accordingly, WPI maintains that the matter must be dismissed because the amount truly in controversy is only $52,-858.54, less than the $75,000 required to vest this Court with subject matter jurisdiction. *See* 28 U.S.C. § 1332(a).

## III.

### A.

■ The Court must evaluate FLF's claims to determine whether there exists subject matter jurisdiction. "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (emphasis supplied).

### B.

■ FLF plainly cannot maintain a claim for unjust enrichment. It is settled law in Maryland, and elsewhere, that a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties. *MTA v. Granite Const. Co.,* 57 Md. App. 766, 776, 471 A.2d 1121 (1984); *First Nat'l Bank v. Burton, Parsons & Co.,* 57 Md.App. 437, 451, 470 A.2d 822 (1984), *cert. den.* 300 Md. 90, 475 A.2d 1201 (1984); *see Attorney Grievance Commission v. McIntire,* 286 Md. 87, 93, 405 A.2d 273 (1979) ("once a contract ... is formed, its terms are to be followed"). Given the express contract between the parties here specifically providing that WPI would not be liable for severance payments, FLF's claim that WPI has been "unjustly" enriched because it has not made those same payments is clearly without basis.

■ FLF's claim for indemnity is equally devoid of merit. In Maryland, "[a] right of indemnification can arise by express agreement or by implication." *Hanscome v. Perry,* 75 Md.App. 605, 615, 542 A.2d 421 (1988). FLF does not suggest that there was any express indemnification agreement here. Moreover, while a right to indemnification may be implied "based on the special nature of a contractual relationship between parties" (*Id.*), it is clear that the no right to indemnification may be implied from the contractual relationship between FLF and WPI. The contract between the parties specifically provided that WPI would not be responsible for FLF's obligations to its employees.

■ FLF appears to argue for another type of implied indemnity, indemnity which is

"implied in law." This theory provides that "[a] person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." *Id.* at 617, 542 A.2d 421, quoting Restatement of Restitution, § 96. While FLF does not make its position especially clear, it seems to suggest that the facts of this case fit within this principle.

"FLF was aware that WPI had entered into an oral agreement with the editorial staff and believed that the editorial staff would be secure at least through June 1, 1997. Based upon that knowledge, ... FLF adopted a severance pay package which they believed ... would apply only to three or four employees.... WPI's decision to terminate the employment of the editorial staff [on] the last day that it could terminate the employees and still have them receive benefits under the severance policy adopted by FLF [was designed to] mitigate damages should those employees sue FLF for breach of contract. In short, FLF asserts that WPI saw an opportunity to renege on its contractual obligation to the editorial staff and have FLF pay the obligation that WPI created." Pl's Opp. at 6–7.

 Nonetheless, it is settled that a claim of implied in law indemnity, like any other tort liability, requires that there be some breach of duty to FLF by WPI to warrant any recovery. "[A]n indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to [the injured] and also if some duty to indemnify exists between them." *Rosado v. Proctor & Schwartz,* 66 N.Y.2d 21, 494 N.Y.S.2d 851, 484 N.E.2d 1354, 1356 (1985); *see* Restatement (Second) Torts, § 886B, (2)(f). Where, as here, the party seeking indemnification "was a complete stranger to the dealings" between the putative indemnitor and the party injured, there exists no duty to indemnify. *Hanscome,* 75 Md.App. at 620, 542 A.2d 421. The contract between FLF and WPI, agreed to in an arms-length business transaction, clearly established that WPI would not be required to indemnify FLF for any employee

severance benefits. There was no special relationship between WPI and FLF and FLF was not a party to the allegedly tortious employee termination by WPI. WPI owed FLF no duty. FLF's claim of indemnity is simply without merit.

 Neither FLF's claim of indemnity nor unjust enrichment are legally viable. FLF nonetheless maintains that this Court should not dismiss the matter for want of subject matter jurisdiction. Even if its claims are without legal merit, FLF maintains, this Court should not dismiss for lack of subject matter jurisdiction unless the claims are "insubstantial on their face." *Lunderstadt v. Colafella,* 885 F.2d 66 69–70 (3rd Cir.1989), quoting *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). FLF cites *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 899 (3rd Cir. 1987), where the court held that "[d]ismissal for lack of jurisdiction is not appropriate merely because the legal theory is probably false." ·

 While the Court agrees that a plaintiff should be given the benefit of the doubt with respect to a *questionable* legal theory at this juncture, the Court need not close its eyes to legal theories that are plainly without merit. Where "it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue," dismissal must be granted. *See Shanaghan v. Cahill,* 58 F.3d 106, 112 (4th Cir.1995). Moreover, in diversity actions, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta,* 292 U.S. 263, 269, 54 S.Ct. 700, 78 L.Ed. 1248 (1934). Indeed, under circumstances similar to this case, the Fourth Circuit reversed the denial of a motion to dismiss for lack of subject matter jurisdiction in *Wiggins v. North American Equitable Life,* 644 F.2d 1014 (4th Cir.1981). In *Wiggins,* a breach of contract case resting on diversity jurisdiction, a part of the amount in controversy was a prayer for punitive damages that was clearly precluded under Maryland law. The court, after examining the pertinent law, was

able to conclude "to a legal certainty" that punitive damages were not recoverable. *Id.* at 1017–18. The federal court was therefore without subject matter jurisdiction because of the insufficiency of the amount in controversy. *Id.* at 1018.

The facts of this case compel the same conclusion. Maryland law is clear that where there is an express contract between the parties, there can be no recovery in quasi or implied contract. It is equally clear that there is no viable indemnity claim here. This is a breach of contract case. Thus, the Court must conclude, to a legal certainty, that the breach of contract claims are the only viable claims. Because the amount in controversy for these claims is less than the jurisdictional amount, the motion to dismiss will be granted.

### IV.

FLF's claims of indemnity and unjust enrichment are without merit, to a "legal certainty." The amount prayed for as relief for the contract claims, $52,858.54, is the only amount truly in controversy. Because this amount is less than required to confer jurisdiction upon this Court under 28 U.S.C. § 1332, the Court is without subject matter jurisdiction. Accordingly, the motion to dismiss will be granted without prejudice to the right of the plaintiff to seek relief in an appropriate state court. An order consistent with this opinion will follow.

### *ORDER*

In accordance with the Memorandum Decision, IT IS this 26*th* day of March, 1998, by the United States District Court for the District of Maryland, Southern Division, hereby **ORDERED**:

1. That Defendant's Motion to Dismiss [5–1] BE, and the same hereby IS, **GRANTED**;

2. That the Clerk of the Court **CLOSE** this case; and

3. That the Clerk of the Court mail copies of this Order to all parties of record.